**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MR. SAMIR HUSSAIN<br>11835 S.W. Ridgecrest Drive, Apt. #20<br>Beaverton, Oregon 97008,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY<br>Washington, D.C. 20528,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF**<br><br>Case:<br>Assigned To:<br>Assign. Date:<br>Description: |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### PRELIMINARY STATEMENT

1.　　　This is an action under the Freedom of Information Act, as amended, 5 U.S.C. §
552 ("FOIA"), for declaratory, injunctive, and other appropriate relief, seeking, principally, the
immediate production of agency records requested by plaintiff Mr. Samir Hussain ("Mr.
Hussain") from defendant United States Department of Homeland Security ("DHS") regarding
Mr. Hussain's July 24, 2003 arrest and subsequent, wrongful, nine-month detention.

2.　　　DHS has violated FOIA by: (i) improperly withholding and redacting responsive
records, including failing to produce reasonably segregable portions of withheld responsive
records; (ii) conducting an inadequate search for requested records; and (iii) failing to respond to
Mr. Hussain's appeal of DHS' response to Mr. Hussain's request for records within the time
period mandated by FOIA.

3.     Mr. Hussain seeks: (i) a declaration that the records sought are subject to disclosure under FOIA; (ii) affirmative injunctive relief requiring DHS to immediately produce all responsive records that have been unlawfully withheld or redacted, and to conduct an adequate search for requested records; and (iii) an award of reasonable attorneys' fees and other litigation costs.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5.     Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6.     Declaratory relief is authorized by 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 57.

## PARTIES

7.     Plaintiff Mr. Hussain, born on August 31, 1969, is a native and citizen of Iraq and was granted asylum in the United States on February 15, 2005.  Mr. Hussain's application for permanent residency within the United States is pending.

8.     Defendant DHS is a department of the Executive Branch of the United States Government.  DHS is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## FACTUAL ALLEGATIONS

9.     On July 24, 2003, border patrol agents in Fort Lauderdale, Florida removed Mr. Hussain from a Greyhound bus en route from Florida to California.  Mr. Hussain was

subsequently detained in a cell at a border patrol station and taken to Krome Detention Center in Miami, Florida, even though he produced documents that showed he had legally applied for asylum within the United States.

10.     While at Krome Detention Center, Mr. Hussain was: forced to wear an orange uniform, usually given to felons, instead of the blue uniform that is usually given to asylum seekers; labeled a terrorist; and, blamed for the 9/11 terrorist attacks.

11.     DHS provided the Joint Terrorism Task Force ("JTTF") with information pertaining to Mr. Hussain's arrest and detention.

12.     JTTF subsequently interviewed Mr. Hussain.

13.     Mr. Hussain remained at Krome Detention Center for almost nine months until March 1, 2004, when he was released under an order of supervision.

14.     On September 15, 2005, Leon Fresco, an attorney with Holland & Knight LLP, *pro bono* counsel for Mr. Hussain, sent, via regular mail, first class postage pre-paid, a FOIA request on Mr. Hussain's behalf to the U.S. Citizenship and Immigration Services of DHS (the "FOIA Request"). The FOIA Request sought all records possessed by DHS regarding Mr. Hussain's July 24, 2003 arrest and subsequent detention, including, but not limited to: (i) Mr. Hussain's "apprehension record;" (ii) any border patrol disposition; and (iii) Mr. Hussain's I-213 Record of Deportable Alien. A copy of the FOIA Request is attached as Exhibit A.

15.     On March 6, 2007, almost 18 months after the date of the FOIA Request, DHS mailed its response to the FOIA Request (the "DHS FOIA Response"). The DHS FOIA Response cover letter is attached as Exhibit B.

16.     Mr. Fresco received the DHS FOIA Response on March 15, 2007.

17.    The DHS FOIA Response withheld 56 pages of critical information pertaining to Mr. Hussain's arrest and detention, including Mr. Hussain's apprehension record, any border patrol dispositions, and other information possessed by DHS regarding Mr. Hussain's July 24, 2003 arrest and subsequent detention.  As grounds, DHS asserted that the pages withheld were exempt from disclosure under 5 U.S.C. §§ 552(b)(2), (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).

18.    DHS failed to provide reasonably segregable portions of the 56 pages of withheld responsive records, as required by 5 U.S.C. § 552(b).

19.    DHS redacted responsive records on the grounds that the information redacted was exempt from disclosure under 5 U.S.C. §§ 552(b)(2), b(5), (b)(7)(C), and (b)(7)(E).

20.    While DHS produced Mr. Hussain's Record of Deportable Alien (pp. 437-438 of the DHS FOIA Response), attached as Exhibit C, DHS failed to release Mr. Hussain's sworn statements and notes and communications by and between DHS, JTTF, or other federal agencies resulting from interviews with Mr. Hussain or otherwise relating to the July 24, 2003 arrest and subsequent detention of Mr. Hussain (the "Related Arrest Records").

21.    On May 14, 2007, Mr. Fresco, on behalf of Mr. Hussain, appealed the DHS FOIA Response (the "Appeal").  The Appeal is attached as Exhibit D.

22.    The Appeal sought, among other things: (i) DHS' reconsideration of all redactions to the responsive documents and the release of all reasonably segregable portions of the 56 pages of withheld responsive records; and (ii) an adequate search by DHS reasonably calculated to produce documents missing from the DHS FOIA Response, including the Related Arrest Records.

23.    On May 16, 2007, DHS received the Appeal.

24.    To date, DHS has failed to respond to the Appeal.

25.    Under 5 U.S.C. § 552(a)(6)(A), DHS had 20 days from its receipt of the Appeal to make a determination with respect to the Appeal.

26.    More than 20 days have passed since DHS' receipt of the Appeal.

27.    Mr. Hussain is therefore deemed to have exhausted his administrative remedies under FOIA.  *See* 5 U.S.C. § 552(a)(6)(C)(i).

## COUNTS FOR RELIEF

### Count One

### Failure to Provide Responsive Records

28.    Mr. Hussain realleges and incorporates paragraphs 1-27.

29.    On September 15, 2005, Mr. Hussain properly submitted a request to DHS for records that are public records subject to FOIA.

30.    DHS failed to provide reasonably segregable portions of the 56 pages of withheld responsive records, as required by 5 U.S.C. § 552(b) and despite the near certainty that some portions of the 56 pages of responsive records are reasonably segregable.

31.    DHS improperly relied on exemptions under 5 U.S.C. §§ 552(b)(2), (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E) in withholding and redacting responsive records.

32.    Accordingly, DHS' withholding and redaction of responsive documents is improper and violates FOIA.

### Count Two

### Failure to Conduct an Adequate Search for Responsive Records

33.    Mr. Hussain realleges and incorporates paragraphs 1-32.

34.     DHS conducted an inadequate search for responsive records in violation of 5

U.S.C. § 552(a)(3).

35.     Upon information and belief, DHS possesses Mr. Hussain's sworn statements.

36.     Based on Mr. Hussain's Record of Deportable Alien, attached as Exhibit C, DHS

possesses the Related Arrest Records.

37.     DHS did not include the Related Arrest Records with the DHS FOIA Response,

despite the near certainty that such Related Arrest Records are in the possession of DHS.

38.     Accordingly, DHS' failure to adequately search for and produce the Related

Arrest Records is improper and violates FOIA.


**WHEREFORE,** Mr. Hussain respectfully requests that this Court:

A.      Declare that DHS' failure to provide reasonably segregable portions of the 56

pages of withheld responsive records is unlawful under FOIA.

B.      Declare that DHS' withholding and redaction of responsive records is unlawful

under FOIA.

C.      Declare that DHS' failure to conduct an adequate search for requested records is

unlawful under FOIA.

D.      Declare that DHS' failure to respond to the Appeal within the statutory time

period is unlawful under FOIA.

E.      Enter an affirmative injunction that directs DHS to search for an make all

requested records available to Mr. Hussain, unredacted, and without any further delay.

39.     Award Mr. Hussain reasonable attorneys' fees and other litigation costs.

40.     Grant Mr. Hussain any further relief this Court deems just and proper.

Respectfully Submitted,

_____

By    Charles D. Tobin (Bar No. 15919)
      Holland & Knight LLP
      2099 Pennsylvania Avenue, N.W.
      Suite 100
      Washington, D.C. 20006
      (202) 955-3000  Phone
      (202) 955-5564  Fax
      *Counsel for Plaintiff*

**Exhibit A**

FOIA Request

**Exhibit B**

DHS FOIA Response Cover Letter

**Exhibit C**

Samir Hussain's Record of Deportable Alien

**Exhibit D**

Appeal

OMB No. 1653-0030; Expires 08/31/05

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**G-639, Freedom of Information/**
**Privacy Act Request**

**NOTE:** The completion of this form is optional. Any written format for Freedom of Information or Privacy Act requests is acceptable.

**START HERE - Please type or print in black ink.  Read instructions before completing this form.**

### 1. Type of Request: *(Check appropriate box.)*

- ☒ Freedom of Information Act (FOIA). *(Complete all items except **Number 6**.)*
- ☐ Privacy Act (PA). *(**Number 6** must be completed in addition to all other applicable items.)*
- ☐ Amendment. *(PA only. **Number 5** must be completed in addition to all other applicable items.)*

### 2. Requester Information.

| Name of Requester: *(Last, First and Middle Names)* | Date *(mm/dd/yyyy)* | Daytime Telephone: |
|---|---|---|
| Fresco, Leon | 09/15/2005 | ( 305 ) 789-7443 |

| Address *(Street Number and Name):* | Apt. Number: |
|---|---|
| 701 Brickell Avenue (Holland & Knight LLP) | Suite 3000 |

| City: Miami | State: FL | Zip Code: 33131 |
|---|---|---|

*By my signature, I consent to the following:*
Pay all costs incurred for search, duplication and review of materials up to $25.00, when applicable. *(See Instructions.)*

*Signature of requester:* _____

- ☐ Deceased Subject - **Proof of death must be attached.** *(Obituary, Death Certificate or other proof of death required.)*

### 3. Consent to Release Information. *(Complete if name is different from Requester).* *(Numbers 7 and 8 must be completed.)*

| Print Name of Person Giving Consent: | Signature of Person Giving Consent: *(Original signature required.)* |
|---|---|
| Samir Hussain | |

*By my signature, I consent to the following: (Check applicable boxes.)*

☒ Allow the Requester named in **Number 2** above: ☒ All of my records, or ☐ A portion of my records. *(If a portion, specify what part, i.e. copy of application.)*

*(Consent is required for records of U. S. citizens (USC) and Lawful Permanent Residents (LPR).)*

### 4. Information needed to search for record(s).

Specific information, document(s) or record(s) desired: *(Identify by name, date, subject matter and location of information.)*
Mr. Hussain's "Apprehension Record"; Any Border Patrol Disposition;
I-213 record of deportable alien; and any other information possessed
by DHS regarding Mr. Hussain's detention on July 24, 2003.

**Purpose:** *(Optional: You are not required to state the purpose of your request. However, doing so may assist USCIS to locate the records needed to respond to your request.)*

### 5. Data Needed on Subject of Record. *(If data marked with an asterisk (*) is not provided, records may not be located.)*

| * Family Name: Hussain | Given Name: Samir | Middle Name: |
|---|---|---|
| * Other names used, if any: | * Name at time of entry into the U.S.: Samir Hussain | I-94 Admissions #: |

| * Alien Registration Number: 75253244 | * Petition or Claim Receipt #: | * Country of Birth: Iraq | * Date of Birth (mm/dd/yyyy) 08/31/1969 |
|---|---|---|---|

Names of other family members that may appear on requested record(s) *(i.e., Spouse, Daughter, Son):*

| Father's Name | First | Middle | Last |
|---|---|---|---|
| | | | |

| Mother's Name | First | Middle | Last (Include Maiden Name) |
|---|---|---|---|
| | | | |

| Country of Origin: *(Place of Departure)* | Port-of-Entry Into the U.S.: | Date of Entry: |
|---|---|---|
| Iraq | New York, NY | October 12, 1996 |
| Manner of Entry: *(Air, Sea, Land)* | Mode of Travel: *(Name of Carrier)* | U.S. Social Security Number: |

| Name on Naturalization Certificate: | Certificate #: | Naturalization Date: |
|---|---|---|
| Address on Date of Naturalization: | Court and Location: | |

**6. Verification of Subject's Identity:** *(See Instructions for explanation. Check one box.)*

☐ In-Person With ID     XX Notarized Affidavit of Identity     ☐ Other *(Specify)* _____

**7. Signature of Subject of Record:**

*(Original signature required)*

Date: 9/19/05

Telephone No.: (305) 215 02

**8. Notary:** *(Normally needed from persons who are the subject of the record sought or for a sworn declaration under penalty of perjury. See below.)*

Subscribed and sworn to before me this *September* Day of *19* in the Year *2005*

Signature of Notary *Linett Brist* My Commission Expires on *01/20/2009*

**OR**

**NOTE:** *If a declaration is provided in lieu of a notarized signature, it must state at a minimum the following: (Include Notary Seal or Stamp in the appropriate space below.)*

### Executed outside U.S.

If executed outside the United States: "I declare (certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signature: _____

### Executed in U.S.

If executed within the United States, its territories, possessions or commonwealths: "I declare (certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Signature: _____

Notary Public State of Florida
Llinette Brisita
My Commission DD388269
Expires 01/20/2009

**(Seal/Stamp)**                    **(Seal/Stamp)**

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Entry of Appearance
as Attorney or Representative**

**Appearances** - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. **Availability of Records** - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re: | Date: | 9/15/05 |
| | File No. | |

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

Name:  Samir Hussain  ☐ Petitioner  ☒ Applicant
☐ Beneficiary

Address: (Apt. No.)   (Number & Street)   (City)   (State)   (Zip Code)
67 East 41st Street   Hialeah   FL   33013

Name:  ☐ Petitioner  ☐ Applicant
☐ Beneficiary

Address: (Apt. No.)   (Number & Street)   (City)   (State)   (Zip Code)

*Check Applicable Item(s) below:*

☒ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

Florida   Florida Supreme Court   and am not under a court or administrative agency
Name of Court
order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with
the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. (*If you check this item, also check item 1 or 2 whichever is appropriate.*)

☐ 4. Others (Explain Fully.)

| SIGNATURE | COMPLETE ADDRESS |
| *Leon Fresco* | Holland & Knight LLP |
| | 701 Brickell Avenue, Ste. 3000 |
| | Miami, FL 33131 |
| NAME (Type or Print) | TELEPHONE NUMBER |
| Leon Fresco | (305) 789-7443 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*

Leon Fresco

Notary Public State of Florida
Llinette Brisita
My Commission DD388269
Expires 01/20/2009

(Name of Attorney or Representative)

*THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER.*

FOIA Request to the Department of Homeland Security

| Name of Person Consenting | Signature of Person Consenting | Date |
| Samir J. Hussain | | 9/19/05 |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

Form G-28 (09/26/00)Y



**U.S. Citizenship
and Immigration
Services**

March 6, 2007

**NRC2005094322**

Leon Fresco
Holland & Knight LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

Dear Leon Fresco:

This is in response to your Freedom of Information Act (FOIA) request received in this office September 27, 2005, regarding the subject: Hussain, Samir.

We have completed the review of all documents responsive to your request and have identified 598 pages responsive to your request. Enclosed are 445 pages released in their entirety, and 97 pages released in part. We are withholding 56 pages in full. In our review of these pages we have determined that they contain no reasonably segregable portion(s) of non-exempt information. We have reviewed and have determined to release all information except those portions, which are exempt pursuant to 5 U.S.C. 552 (b)(2), (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

q   Exemption (b)(2) provides protection for records that are related solely to the internal personnel rules and practices of an agency. The types of documents and/or information withheld under this exemption may relate to internal matters of a relatively trivial nature, such as internal personnel rules and practices which could consist of employee identification codes, computer login codes, policies regarding the use of parking facilities and break rooms, employee leave policies and dress codes or internal matters of a more substantial nature, the disclosure of which would risk circumvention of a legal requirement, such as operating rules, guidelines and manuals of procedures for examiners or adjudicators.

q   Exemption (b)(5) provides protection for inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information withheld under this exemption may consist of documents containing predecisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

q   Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information withheld may consist of birth certificates, naturalization certificates, drivers license, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

q   Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld various information relating to third-party individuals. The types of documents and/or information withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

q   Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

The enclosed record consists of the best reproducible copies available.

In the event you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 111 Massachusetts Ave., NW, Washington, DC 20529, within 60 days of receipt of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a pending matter, you must address these issues with your nearest district office.

If you should have any additional questions about your request, please direct your inquiries to this office at the above address. You may also call us at (816) 350-5570 or fax any correspondence to (816) 350-5785.

Sincerely,

T. Diane Cejka
Director

Enclosure(s)

U.S. Department of Justice

Immigration and Naturalization Service

# Record of Deportable/Inadmissible Alien

| Family Name (CAPS)   First   Middle | Sex M | Hair BLK | Eyes BRO | Cmplxn MED |
|---|---|---|---|---|
| HUSSAIN, Samir Jaber | | | | |

| Country of Citizenship IRAQ | Passport Number and Country of Issue M0710775 | Case No: PPF03G7000094 | File Number A075 253 244 | Height 71 | Weight 165 | Occupation |
|---|---|---|---|---|---|---|

| U.S. Address C/O US IHS SPC KROME 18201 SW 12 STREET MIAMI, FLORIDA 33194 | | Scars and Marks | |
|---|---|---|---|

| Date, Place, Time, and Manner of Last Entry 10/12/1996, Unknown Time, NYC, AIR | Passenger Boarded at | F.B.I. Number 419306JB6 | ☒ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated |
|---|---|---|---|

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension TCB UNKNOWN |
|---|---|

| Date of Birth 08/31/1969   Age: 33 | Date of Action 07/24/2003 | Location Code MIP/PPF | At/Near Ft.Lauderdale, Florida | Date/Hour 07/24/2003 1136 |
|---|---|---|---|---|

| City, Province (State) and Country of Birth , IRAQ | AR ☒ | Form: (Type and No.) | Lifted ☐ | Not Lifted ☐ |
|---|---|---|---|---|

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry Non-Immigrant | Status When Found IN TRAVEL |
|---|---|---|---|

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. OVER 1 YEAR   (b)(7)(c) |
|---|---|---|

| Immigration Record POSITIVE - See Narrative | Criminal Record None known |
|---|---|

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|

| Father's Name, Nationality, and Address, if Known , Jaber | Mother's Present and Maiden Names, Nationality, and Address, if Known , Saadia |
|---|---|

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? Yes ☒ No | INS Systems Checks See Narrative | Charge Code Word(s) R1B |
|---|---|---|---|

| Name and Address of (Last)/(Current) U.S. Employer | Type of Employment | Salary Hr. / / | Employed from/to / /   / / |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FIN #: 13841718

FUNDS IN POSSESSION
160.00      US - Dollar

INS SYSTEMS CHECKS
Central Index System Positive
Deportable Alien Control System Positive
National Crime Information Center Negative
Non Immigrant Information System Positive

Narrative Title: Record of Deportable/Excludable Alien
Narrative Created by [        ] (b)(7)(c)

Subject named above, a native and citizen of Iraq entered the United States on October 12, 1996 at New York, New York as a B2 Visitor with authorization to remain in the United States for a temporary period not to exceed November 11, 1996. Subject failed to depart.

Subject was encountered during transportation check at the Greyhound bus station in Fort Lauderdale, Florida. Subject was enroute from Miami, Florida to Los Angeles, California.

During questioning, subject admitted that he was a citizen of Iraq. He stated that he has an asylum case pending. Subject presented an expired Employment [        ] on Card which

| Alien has been advised of communication privileges. S.H  7/24/03 (Date/Initials) | [signature]   (Signature and Title of INS Official) (b)(7)(c) |
|---|---|

| Distribution: A-FILE CPA/MIP MIP/PPF | Received [        ] Officer [        ] on: July 24, 2003 at 1148 (time) Disposition: Warrant of Arrest/Notice to Appear Examining Officer [        ] | rt of Interview) (b)(7)(c) |
|---|---|---|

(b)(7)(c)      (b)(7)(c)

Form I-213 (Rev.4/1/97)Y

437

**U.S. Department of Justice**
Immigration and Naturalization Service                    Continuation ‗‗ge for Form    I-213

| Alien's Name | File Number | Date |
|---|---|---|
| | Case No: PPF0307000094 | |
| HUSSAIN, Samir Jaber | A075 253 244 | 07/24/2003 |

expired on 01/26/00.

Records checks through CIS by way of radio to [        ] revealed that the subject did apply for asylum on December 2, 1996. A decision by EOIR on December 1, 1997 indicates a failure to prosecute since no NTA was served on the court. (b)(7)(e)

Subject requested a new Employment Authorization Document on January 24, 2002. That request was denied on November 12, 2002.

A copy of subject's NTA, 863, 213 and Asylum memo was requested from the National Records Center and is included in this file.

Since the subject has filed an asylum claim prior to implementation of NSEERS, he does not fall into the category of those required to register.

Joint Terrorism Task Force was contacted. Special Agent [        ] was given all available information pertaining to this subject. SA [        ] is currently in the process of determining if JTTF has an interest in the subject. He was not prepared to make a decision at the time of this writing.    (b)(7)(c)    (b)(7)(c)

Subject is being served with a Notice To Appear based on the B2 Overstay Charge. Subject will be transported to Krome Service Processing Center with No Bond. Space was authorized by SDEO [        ]    (b)(7)(c)

| Signature | Title |
|---|---|
| [        ]  (b)(7)(c) | SENIOR PATROL AGENT |

Form I-831 Continuation Page (Rev. 6/12/92)

‗‗2‗‗ of ‗‗2‗‗ Pages

438

# Holland+Knight

Tel   305-374-8500
Fax   305-789-7799

Holland & Knight LLP
701 Brickell Avenue
Suite 3000
Miami, FL 33131
www.hklaw.com

May 14, 2007

Leon Fresco
305 789 7443
leon.fresco@hklaw.com

**VIA HAND-DELIVERY**

United States Citizenship and Immigration Service
FOIA/PA Appeals
111 Massachusetts Ave. NW, Second Floor
Washington, DC 20529

**RE: Notice of Freedom of Information Act Appeal**
      **Mr. Samir Hussain**
      **NRC2005094322**

Dear Sir/Madam:

Holland & Knight LLP ("Holland & Knight"), pursuant to the Freedom of Information Act, as amended, 5 U.S.C. § 552 ("FOIA"), hereby submits this appeal of the decision dated March 6, 2007 of the Department of Homeland Security ("DHS") in response to the FOIA request submitted by undersigned counsel on September 15, 2005 seeking all information possessed by the Department regarding the arrest of my *pro bono* client Mr. Samir Hussain, A75-523-244 on July 24, 2003 including but not limited to his "apprehension record", any border patrol disposition, I-213 record of deportable alien; and any other information possessed by DHS regarding Mr. Hussain's detention on July 24, 2003. *See* Form G-329 FOIA Request dated September 15, 2005 attached hereto as **Exhibit A**. This appeal is filed within sixty days of receiving DHS' response. *See* Affidavit of Leon Fresco dated May 7, 2007 attached hereto as **Exhibit B**, attesting to counsel's receipt of the FOIA production on March 15, 2007.

After review of the released documents, we respectfully appeal DHS' decision and release of documents including but not limited to the withholding (via redaction) a total of 56 pages of our client Mr. Hussain's records in their entirety. *See* chart indicating the relevant page numbers, numbers of pages withheld in full and exemptions cited attached hereto for your convenience as **Exhibit C**.

As you are certainly aware, the Freedom of Information Act (FOIA) requires full disclosure as a necessary ingredient for public participation. *See Stone v F.B.I.*, 727 F.Supp.662,666 (D.D.C.1990). It has been stated that the purpose of FOIA is to "pierce the veil of administrative secrecy and open agency action to the light of public scrutiny…FOIA reflects a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *See National Association of Home Builders v. Norton*, 309 F.3d 26 (D.C.Cir.2002).

As our first ground for appeal, we respectfully contend that by withholding 56 pages of records in their entirety, DHS has failed to provide full disclosure contrary to both the spirit and letter of FOIA. Specifically, DHS failed to provide any of the reasonably segregable portions of the 56 pages of records in question as required by 5 U.S.C. § 552(b), *providing* that "Any reasonably segregable portion of a record shall be provided to any requesting such record after deletion of the portions which are exempt under this subsection." It defies logic that none of the 56 pages of records in question contained any segregable, releasable information even accounting for the need for redactions.

As our second and related ground for appeal, we challenge DHS' improper use of exemptions to withhold the 56 pages of records in their entirety. DHS invokes a wide variety of exemptions under 5 U.S.C. 552 § (b)(2), (b)(5), (b)(6), (b)(7)(c) and (b)(7)(e) to justify withholding the records in their entirety. However, DHS has failed to provide a sufficient basis to assert any of these exemptions. Indeed, DHS has failed to provide any explanation as to how the withholding of a particular document in its entirety correlates specifically and unambiguously to a corresponding exemption. Absent an index under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) or a suitable equivalent, let alone DHS' release of reasonably segregable portions of the 56 pages of records in question with corresponding redactions, we are left to guess as to the specific basis for the redaction of the document *in toto* and therefore cannot fully address whether the redaction was in fact justified by the corresponding exemption(s). Thus, by withholding 56 pages of records in their entirety, in a veritable sleight of hand, DHS has effectively vitiated our ability to contest the exemptions invoked in this administrative appeal in contravention of our statutory and regulatory rights under FOIA and our due process rights under the Fifth Amendment to the United States Constitution.

However, notwithstanding this undue burden, we contend that DHS' reliance on the specific exemptions in the 56 pages was arbitrary and capricious and devoid of valid legal basis. For example, consider DHS' repeated invocation of Exemption 5, 5 U.S.C. §552(b)(5), in the majority of the 56 pages of the records withheld in their entirety. This Exemption concerns intra-agency or inter-agency documents that would not be discoverable except in an action by one agency against another agency. This Exemption generally applies to "those documents, and only those documents, that are normally privileged in the civil discovery context." *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). The three most frequently invoked privileges incorporated into Exemption 5 are the deliberative process privilege (or the executive privilege), the attorney work-product privilege, and the attorney-client privilege. *Id.* However, DHS' response fails to identify even which privilege(s) are at issue for any particular record warrant the use of Exemption 5 let alone identify the nature of the communications, attorneys, clients and agencies involved.

Assuming that the privilege at issue in one of the records in question was the deliberative process privilege, the information is properly exempted under this privilege only if the communication is pre-decisional and deliberative. *Senate of Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d 574, 585 (D.C. Cir. 1987). We, however, do not know if the records are currently pre-decisional because, as explained above, DHS failed to release any reasonably segregable portions of the records. Without knowing what decisions were affected by the records we can only speculative as to whether the information would in fact be considered deliberative by a federal district court. However, the burden of proof is on DHS to show that

the information requested satisfies both requirements of being pre-decisional and deliberative. *Coastal States Gas Corp v. Depar't of Energy*, 617 F.2d at 866 (D.C. Cir. 1980).

Moreover, DHS failed to perform an adequate search reasonably calculated to produce *all* relevant documents within the scope of the instant FOIA request consisting of Mr. Hussain's "apprehension record", any border patrol disposition or *other* information possessed by DHS regarding Mr. Hussain's detention (*emphasis ours*). While we acknowledge DHS' generous release of Mr. Hussain's Record of Deportable Alien (*see* pp. 437-438 of the March 6, 2007 FOIA release), DHS failed to release any sworn statements taken by my client Mr. Hussain, any written notes or electronic communications pertaining to interviews with Mr. Hussain by DHS, the Joint Terrorism Task Force (JTTF) or other federal agency.

We have significant reason to believe that such records exist considering for example the fact that DHS notified JTTF of our client Mr. Hussain's arrest and his reported experience of having been interviewed by the JTTF. *See* e.g. pp 437-438. As DHS has already released Mr. Hussain's Record of Deportable Alien as one of his arrest records, DHS cannot legitimately fail to search for and/or withhold *in toto* Mr. Hussain's related arrest records including but not limited to own sworn statements or notes from interviews with our client Mr. Hussain inextricably linked to this arrest including Mr. Hussain's statements to the JTTF particularly if and when they are included in or referenced in records in his DHS A file. *See, e.g., Senate of P.R. v. Dep't of Justice*, No. 84-1829, 1993 U.S. Dist. LEXIS 12162 (D.D.C. Aug. 24, 1993), mandating the release of a plethora of documents contained in an FBI investigative file.

We therefore contest the adequacy of DHS' search to be reasonably calculated to discover the requested documents. *See Judicial Watch, Inc. v. DOD*, No. 05-390, 2006 US U.S. Dist. LEXIS 44003. When the sufficiency of the search is challenged, the Government must demonstrate beyond material doubt that the search was reasonable and calculated to uncover all relevant documents. *See Kronberg v. DOJ*, 875 F.Supp. 861, 869 (D. D.C. 1995); see also Truitt v. Dep't of State, 897 F.2d 540, 542 (.D.C. Cir. 1990); Weisberg v. DOJ, 705 F.2d 1344, 1351 (D.C. Cir. 1983); Campbell v. DOJ, 164 F.3d 20, 27 (D.C. Cir. 1998).

Based on the foregoing, Holland & Knight accordingly requests DHS' reconsideration of *all* redactions to the FOIA release pertaining to our client Mr. Hussain including the release of all reasonably segregable portions of the 56 pages withheld in their entirety and a production of a *Vaughn* index or its suitable equivalent which clearly describes the basis for the exemption corresponding to the specific redactions. We additionally request that DHS conduct a subsequent search pursuant to the initial FOIA request reasonably calculated to produce documents missing from the initial release such as sworn statements, interviewer notes and electronic communications by and between DHS, JTTF and other federal agencies.

Finally, we request expedited consideration of this appeal cognizant of both DHS' significant delay of 18 months in responding to the initial FOIA request and our rights to pursue federal judicial review within 20 days of filing this administrative appeal pursuant to 5 U.S.C. § 552(a)(6)(A)(ii). We reserve the right to amend and/or supplement any and of all arguments in this administrative appeal if this case is considered by a federal district court *de novo*.

If you have any questions or need further information, please do not hesitate contacting me at (305) 789-7443 or emailing at leon.fresco@hklaw.com. We anticipate and thank you for your kind cooperation and look forward to hearing from you at your earliest convenience.

Sincerely,

**HOLLAND & KNIGHT**

Leon Fresco

BY
CHRISTOPHER LUGE
HOLLAND AND KNIGH
LLP

Enclosures

# 4542559_v1

**Exhibit A**

OMB No. 1653-0030; Expires 08/31/05

Department of Homeland Security
U.S. Citizenship and Immigration Services

## G-639, Freedom of Information/
## Privacy Act Request

---

**NOTE:** The completion of this form is optional. Any written format for Freedom of Information or Privacy Act requests is acceptable.

**START HERE - Please type or print in black ink. Read instructions before completing this form.**

### 1. Type of Request: *(Check appropriate box.)*

☒ Freedom of Information Act (FOIA). *(Complete all items except Number 6.)*

☐ Privacy Act (PA). *(Number 6 must be completed in addition to all other applicable items.)*

☐ Amendment. *(PA only. Number 5 must be completed in addition to all other applicable items.)*

### 2. Requester Information.

| Name of Requester:    (Last, First and Middle Names) Fresco, Leon | Date (mm/dd/yyyy) 09/15/2005 | Daytime Telephone: (305 ) 789-7443 |
|---|---|---|

Address *(Street Number and Name)*: 701 Brickell Avenue (Holland & Knight LLP) — Apt. Number: Suite 3000

| City: Miami | State: FL | Zip Code: 33131 |
|---|---|---|

*By my signature, I consent to the following:*
Pay all costs incurred for search, duplication and review of materials up to $25.00, when applicable. *(See Instructions.)*

Signature of requester: _____

☐ Deceased Subject - Proof of death must be attached. *(Obituary, Death Certificate or other proof of death required.)*

### 3. Consent to Release Information. *(Complete if name is different from Requester). (Numbers 7 and 8 must be completed.)*

| Print Name of Person Giving Consent: Samir Hussain | Signature of Person Giving Consent: *(Original signature required.)* |
|---|---|

*By my signature, I consent to the following: (Check applicable boxes.)*

☒ Allow the Requester named in Number 2 above:    ☒ All of my records, or  ☐ A portion of my records. *(If a portion, specify what part, i.e. copy of application.)*

*(Consent is required for records of U. S. citizens (USC) and Lawful Permanent Residents (LPR).)*

### 4. Information needed to search for record(s).

Specific information, document(s) or record(s) desired: *(Identify by name, date, subject matter and location of information.)*
Mr. Hussain's "Apprehension Record"; Any Border Patrol Disposition; I-213 record of deportable alien; and any other information possessed by DHS regarding Mr. Hussain's detention on July 24, 2003.

**Purpose:** *(Optional: You are not required to state the purpose of your request. However, doing so may assist USCIS to locate the records needed to respond to your request.)*

### 5. Data Needed on Subject of Record. *(If data marked with an asterisk (*) is not provided, records may not be located.)*

| * Family Name: Hussain | Given Name: Samir | Middle Name: |
|---|---|---|
| * Other names used, if any: | * Name at time of entry into the U.S.: Samir Hussain | I-94 Admissions #: |
| * Alien Registration Number: 75253244 | * Petition or Claim Receipt #: | * Country of Birth: Iraq | * Date of Birth (mm/dd/yyyy) 08/31/1969 |

Names of other family members that may appear on requested record(s) *(i.e., Spouse, Daughter, Son)*:

| Father's Name | First | Middle | Last |
|---|---|---|---|
| | | | |

| Mother's Name | First | Middle | Last (Include Maiden Name) |
|---|---|---|---|
| | | | |

Form G-639 (Rev. 06/24/05)N (Prior editions may be used until 12/31/05)

| Country of Origin: *(Place of Departure)*<br>Iraq | Port-of-Entry Into the U.S.:<br>New York, NY | | Date of Entry:<br>October 12, 1996 |
|---|---|---|---|
| Manner of Entry: *(Air, Sea, Land)* | Mode of Travel: *(Name of Carrier)* | | U.S. Social Security Number: |
| Name on Naturalization Certificate: | | Certificate #: | Naturalization Date: |
| Address on Date of Naturalization: | | Court and Location: | |

---

**6. Verification of Subject's Identity:** *(See Instructions for explanation. Check one box.)*

☐  In-Person With ID       ☒  Notarized Affidavit of Identity       ☐  Other *(Specify)* _____

**7. Signature of Subject of Record:**

*(Original signature required)*                                    Date: 9/19/05

Telephone No.: (305) 215 03

**8. Notary:** *(Normally needed from persons who are the subject of the record sought or for a sworn declaration under penalty of perjury. See below.)*

Subscribed and sworn to before me this *September* Day of ___19___ in the Year 2005

Signature of Notary *Linett Bisit*       My Commission Expires on 01/20/2009

---

OR

---

**NOTE:** *If a declaration is provided in lieu of a notarized signature, it must state at a minimum the following: (Include Notary Seal or Stamp in the appropriate space below.)*

**Executed outside U.S.**

If executed outside the United States: "I declare (certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signature: _____

**Executed in U.S.**

If executed within the United States, its territories, possessions or commonwealths: "I declare (certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Signature: _____

Notary Public State of Florida
Llinette Brisita
My Commission DD388269
Expires 01/20/2009

**(Seal/Stamp)**                                    **(Seal/Stamp)**

Form G-639 (Rev. 06/24/05)N (Prior editions may be used until 12/31/05

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Entry of Appearance
as Attorney or Representative**

Appearances - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. Availability of Records - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re: | Date: 9/15/05 |
| | File No. |

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

Name: Samir Hussain     ☐ Petitioner  ☒ Applicant  ☐ Beneficiary

Address: (Apt. No.)     (Number & Street)     (City)     (State)     (Zip Code)
67 East 41st Street     Hialeah     FL     33013

Name:     ☐ Petitioner  ☐ Applicant  ☐ Beneficiary

Address: (Apt. No.)     (Number & Street)     (City)     (State)     (Zip Code)

*Check Applicable Item(s) below:*

☒ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia
Florida          Florida Supreme Court       and am not under a court or administrative agency
                        *Name of Court*
order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with
the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. *(If you check this item, also check item 1 or 2 whichever is appropriate.)*

☐ 4. Others (Explain Fully.)

| SIGNATURE | COMPLETE ADDRESS |
| *Leon Fresco* | Holland & Knight LLP |
| | 701 Brickell Avenue, Ste. 3000 |
| | Miami, FL 33131 |
| NAME (Type or Print) | TELEPHONE NUMBER |
| Leon Fresco | (305) 789-7443 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*

Leon Fresco
*(Name of Attorney or Representative)*

Notary Public State of Florida
Llinette Brisita
My Commission DD388269
Expires 01/20/2009

*THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*

FOIA Request to the Department of Homeland Security

| Name of Person Consenting | Signature of Person Consenting | Date |
| Samir J. Hussain | | 9/19/05 |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

Form G-28 (09/26/00)Y

**Exhibit B**

USCIS FOIA/PA APPEALS OFFICE
111 MASSACHUSETTS AVENUE, NW
WASHINGTON, DC 20529

In the Matter of:                                    FOIA APPEAL

HUSSAIN, Samir                                       A75-523-244
                                                     NRC2005094322

_____/

AFFIDAVIT OF LEON FRESCO, ESQ, *PRO BONO* COUNSEL FOR SAMIR HUSSAIN
IN SUPPORT OF FREEDOM OF INFORMATION ACT APPEAL

STATE OF FLORIDA          }

COUNTY OF MIAMI-DADE      }

I, Leon Fresco, a United States citizen, hereby declare that the following is true and correct to the best of my knowledge and belief:

1.      I am an attorney employed by the Miami office of Holland & Knight LLP. I am a member of Holland & Knight's Community Services Team. In this capacity, I primarily represent clients on a *pro bono* basis in immigration, civil rights, death penalty, and other matters.

2.      I have been a member in good standing of the Florida Bar since October 2003. I am a graduate of the Yale Law School and received my undergraduate degree from the University of Pennsylvania.

3.      On September 15, 2005, I sent a Freedom of Information Act request, pursuant to 5 U.S.C. § 552, to the Department of Homeland Security (DHS) seeking all information possessed by the Department regarding the apprehension of Samir Hussain, A75-523-244 on July 24, 2003. Specifically, I asked for Mr. Hussain's "apprehension record," any border patrol disposition, and any other information possessed by DHS regarding Mr. Hussain's detention.

4.     This request was received by the Department of Homeland Security on September 27, 2005 and was assigned Case Number NRC2005094322.

5.     On March 6, 2007, it appears as if the Department of Homeland Security mailed its response to my FOIA request. This response withheld 56 pages of critical information pertaining to Mr. Hussain's apprehension, including Mr. Hussain's apprehension records and border patrol dispositions.

6.     Even though the Department of Homeland Security's cover letter is dated March 6, 2007, I only received the FOIA production from the Department of Homeland Security on Thursday, March 15, 2007. Accordingly, pursuant to the FOIA Act, the time period for appeal runs 60 days from March 15, 2007. Therefore, an appeal of the information withheld as part of this request is due on Monday, May 14, 2007.

7.     I understand and recognize, for purposes of this affidavit, the laws of perjury and the consequences of their violation.

**FURTHER AFFIANT SAYETH NAUGHT**

I, Leon Fresco, swear and affirm, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____                          S-7-2007
Leon Fresco                                              Date

2

The foregoing instrument was acknowledged before me this 7th day of May, 2007 by Leon Fresco, who is personally known to me or has produced _____(n/a)_____ as Identification.

_Joyce A Dooley Rodriguez_
Joyce A. Dooley-Rodriguez
Notary Public-State of Florida

| JOYCE A. DOOLEY-RODRIGUEZ |
| MY COMMISSION # DD 244349 |
| EXPIRES: October 2, 2007 |
| Bonded Thru Notary Public Underwriters |

Commission Number:_____

# 4527873_v1

3

**Exhibit C**

DEPARTMENT OF HOMELAND SECURITY
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE
FOIA/PA APPEALS
WASHINGTON, D.C.

IN THE FOIA APPEAL OF SAMIR HUSSAIN, A75 254 244
NRC2005094322

TABLE OF PAGE NUMBERS, NUMBERS OF PAGES AND EXEMPTIONS CITED BY DHS
FOR THE WITHHOLDING OF 56 PAGES IN THEIR ENTIRETY IN DHS FOIA RESPONSE

| Page Numbers of Documents Withheld in Entirety in DHS FOIA Response | Number of Pages of Documents Withheld in Entirety in DHS FOIA | Exemption(s) Cited for Withholding Documents in Entirety in DHS FOIA |
|---|---|---|
| 231-239 | 9 | (b)(5), (b)(7)(c) |
| 261 | 1 | (b)(5) |
| 266 | 1 | (b)(5) |
| 272 | 1 | (b)(5), (b)(7)(c) |
| 273-274 | 2 | (b)(5) |
| 292 | 1 | (b)2, (b)(5), (b)(7)(c) |
| 384 | 1 | (b)5 |
| 391-392 | 2 | (b)5, (b)(7)(c) |
| 395-396 | 2 | (b)5, (b)(7)(c) |
| 397-400 | 4 | (b)(5) |
| 401 | 1 | (B)5, (b)(7)(c) |
| 402 | 1 | (b)2, (b)(5), (b)(7)(c) |
| 407 | 1 | (b)2, (b)(7)(c) |
| 409 | 1 | (b)5, (b)(7)(c) |
| 413-414 | 2 | (b)2, (b)(7)(c) |
| 415-417 | 3 | (b)2, (b)(5), (b)(7)(c) |
| 430 | 1 | (b)2, (b)(6) |
| 432 | 1 | (b)2, (b)(6), (b)(7)(c) |
| 439 | 1 | (b)5, (b)(7)(c)), (b)(7)(c) |
| 442-443 | 2 | (b)2, (b)(5), (b)(7)(c) |
| 527-528 | 2 | (b)(5) |
| 531 | 1 | (b)2, (b)(5), (b)(7)(c) |
| 537 | 1 | (B)5, (b)(7)(c) |
| 552 | 1 | (b)2, (b)(7)(c) |
| 555 | 1 | (b)2, (b)(5), (b)(7)(c) |
| 556 | 1 | (b)5, (b)(7)(c) |
| 560 | 1 | (b)2, (b)(5), (b)(7)(c) |
| 563 | 1 | (b)2, (b)(5), (b)(7)(c), (b)(7)(e) |
| 584-585 | 2 | (b)(5) |
| 590-594 | 5 | (b)5, (b)(7)(c) |
| 595 | 1 | (b)(5) |
| **Total** | **56** | |

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Mr. Samir Hussain<br>11835 S.W. Ridgecrest Drive, Apt. #20<br>Beaverton, Oregon 97008 | United States Department of Homeland Security<br>Washington, D.C. 20528 |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) | Washington | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Charles D. Tobin (Bar No. 15919)<br>Holland & Knight LLP<br>2099 Pennsylvania Ave., N.W., Ste. 100<br>Washington, D.C. 20006<br>(202) 955-3000 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 3 Federal Question (U.S. Government Not a Party)

◉ 2 U.S. Government Defendant

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**     OR     ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Cause of action under Freedom of Information Act, 5 U.S.C. Sec. 552, for injunctive relief seeking release of Defendant's records requested by Plaintiff.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** _____   Check YES only if demanded in complaint
**JURY DEMAND:**   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE September 12, 2007   SIGNATURE OF ATTORNEY OF RECORD   *Charles D. Tobin*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.