UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MR. SAMIR HUSSAIN,** <br><br> **Plaintiff** <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF HOMELAND SECURITY,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 07-1633 (PLF) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER

The Defendant, the U.S. Department of Homeland Security ("DHS"), through counsel, the United States Attorney for the District of Columbia, answers the Complaint as follows:

### FIRST DEFENSE

The Defendant answers each of the numbered paragraphs of the Complaint as follows:

### PRELIMINARY STATEMENT

1.   This is an introductory paragraph that requires no response. To the extent that a response is deemed required, DHS admits that this appears to be an action advanced under the Freedom of Information Act (FOIA) to compel the disclosure and release of agency records requested by Plaintiff, but denies that Plaintiff was, at any time, wrongfully arrested and detained by the DHS or any of its constituent units. DHS further avers that information concerning Plaintiff's arrest and detention appears superfluous, immaterial and impertinent to a FOIA complaint and therefore should be stricken.

2. DHS denies Plaintiff's allegations in items (i) and (ii) of paragraph 2. Defendant also denies Plaintiff's allegation of item (iii) of paragraph 2, inasmuch as Plaintiff waived any statutory deadline by accepting the response and disclosures of the U.S. Citizenship and Immigration Services (USCIS) made on March 6, 2007, and because the information Plaintiff sought was subject to withholding under applicable FOIA exemptions.

3. The allegations of paragraph 3 are legal conclusions setting forth Plaintiff's as yet to be adjudicated claims for relief and, accordingly, require no response in this Answer. To the extent that an answer is deemed required, DHS denies all of Plaintiff's allegations in this paragraph.

## JURISDICTION AND VENUE

4-5. These paragraphs contain legal conclusions concerning jurisdiction and venue, not averment of facts to which an answer is required. To the extent that an answer is deemed required, DHS admits that federal law permits jurisdiction and venue of this case in this District.

6. This paragraph sets forth legal conclusions concerning requested relief and requires no answer. To the extent that an answer is deemed required, DHS denies that declaratory relief is available in this case.

## PARTIES

7-8. Admitted.

## FACTUAL ALLEGATIONS

9. DHS admits that Mr. Hussain is a non-U.S. citizen; that he was, at some point, arrested and detained by Federal immigration authorities; and that he was detained at Krome Detention Center in Miami, Florida. However, DHS further avers that information concerning Plaintiff's arrest and detention appears superfluous, immaterial and impertinent to a FOIA complaint and therefore should

be stricken. DHS lacks sufficient information or knowledge to form a belief as to the truth and accuracy of the remaining allegations of paragraph 9 of the Complaint and, accordingly, denies them.

10-13. Information concerning Plaintiff's arrest and detention appears superfluous, immaterial and impertinent to a FOIA complaint and therefore should be stricken. DHS submits that the allegations of these paragraphs are irrelevant to this lawsuit and consequently do not warrant a response in this Answer. To the extent that a response is deemed required, DHS is without specific and developed analyzed information to formulate a response to these allegations and, therefore, denies them.

14-15. Admitted.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation contained in this paragraph and, therefore, denies it.

17. Admitted.

18. Denied. DHS further avers that the USCIS has not completed the process of determining whether additional information is subject to release to Plaintiff or whether additional exemptions should be asserted. The DHS anticipates the completion of this process in approximately 45 days.

19. Admitted. DHS further avers that the USCIS has not completed the process of determining whether additional information is subject to release to Plaintiff and whether additional exemptions should be asserted. The DHS anticipates the completion of this process in approximately 45 days.

20. DHS admits that documents were released and withheld, but denies the implication that additional information should have been released. DHS notes again that the USCIS has not completed the process of determining whether additional information is subject to release to Plaintiff. The DHS anticipates the completion of this process in approximately 45 days.

21. Admitted.

22. DHS admits the summary of administrative proceedings, but denies the implication that the search was inadequate.

23. Admitted.

24. Admitted, except that DHS denies the suggestion that DHS should have completed processing the appeal before Plaintiff filed this lawsuit.

25-27. Admitted.

## COUNTS FOR RELIEF

### Count One

### Failure to Provide Responsive Records

28. Defendant incorporates its answers to paragraphs 1 through 27 herein.

29-32. These paragraphs contain legal conclusions concerning Plaintiff's right to relief, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of these paragraphs.

### Count Two

### Failure to Conduct An Adequate Search for Responsive Records

33. Defendant incorporates its answers to paragraphs 1 through 27 herein.

34-38. These paragraphs contain legal conclusions concerning Plaintiff's right to relief, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of these paragraphs.

The remainder of the Complaint consists of Plaintiff's claim for relief, which requires no response in this Answer.

WHEREFORE, DHS demands as follows:

1. Judgment in its favor and against Plaintiff;

2. For all costs incurred herein; and

3. For any and all relief to which they may appear to be entitled.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739 / (202) 514-8780 (Facsimile)

Of Counsel for the USCIS:
Eric N. Banks
Senior Attorney-Advisor
Office of Chief Counsel
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
20 Massachusetts Avenue, N.W., Suite 4210
Washington, D.C.  20529

## CERTIFICATE OF SERVICE

I hereby certify that, on this 2nd day of November, 2007, I caused the foregoing **Answer** to be served on Counsel for the Plaintiff by the Electronic Case Filing system or, if this means fails, then by U.S. mail, postage prepaid, addressed as follows:

Charles D. Tobin, Esquire
Holland & Knight, L.L.P.
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C.  20006-1816

                                        /s/
                                  OLIVER W. McDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739