UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIR HUSSAIN,<br><br>            Plaintiff,<br><br>            v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>            Defendant. | Civil Action No. 07-1633 (PLF) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION
FOR EXTENSION OF TIME TO FILE
A MOTION FOR SUMMARY JUDGMENT**

Plaintiff Samir Hussain files this Memorandum in Opposition to Defendant United States Department of Homeland Security's ("DHS") Motion for Extension of Time to File a Motion for Summary Judgment.

**I.    INTRODUCTION**

While Mr. Hussain and his counsel do not wish to appear discourteous to Department of Justice Counsel, and, in fact, Mr. Hussain previously has granted a courtesy extension in this matter, the additional 45-day delay sought in DHS' Motion for Extension is unreasonable in light of the record of continuous delays by DHS in meeting its obligations under the Freedom of Information Act ("FOIA"). The Motion for Extension also contradicts the wise directive of this Court, expressed nearly two months ago in its Order setting the December 31, 2007 dispositive motion deadline, that DHS determine its position on Mr. Samir's entitlement to withheld records by the end of this year.

Therefore, for the reasons more fully set forth below – and with regrets that DHS' continuous delays have unduly burdened the Court with having to decide ministerial issues like this one – Mr. Hussain opposes DHS' Motion for Extension.

## II.     PROCEDURAL HISTORY

As the Complaint reflects, the FOIA request underlying this dispute has remained unresolved for more than two years. Mr. Hussain, a refugee who has been living in the United States under asylum, seeks records from DHS in connection with his detention for almost nine months by DHS in Florida in 2003-2004.

DHS has failed at every stage to timely process his relatively straightforward FOIA request, let alone to honor the deadlines set forth in the FOIA. Mr. Hussain made his FOIA request to DHS in September 2005. Eighteen months passed before Mr. Hussain received a substantive response from DHS in March 2007, which response withheld, under a variety of claimed FOIA exemptions, 56 pages of responsive records.

In May 2007, Mr. Hussain timely appealed DHS' withholding of responsive records. DHS never responded to his appeal, forcing Mr. Hussain, in September 2007, to file this action seeking declaratory and injunctive relief. Department of Justice Counsel for DHS requested an extension from Mr. Hussain to respond to the Complaint, to which the undersigned counsel agreed without reservation, and on October 15, 2007, the Court entered its Order extending DHS' response deadline.

DHS, however, continued to drag its feet in its Answer filed on November 2, 2007. Instead of admitting or denying whether Mr. Hussain is entitled to the withheld records, DHS tentatively responded that – two years after Mr. Hussain made his initial FOIA request – it "has not completed the process of determining whether additional information is subject to release to

2

Plaintiff" and would make that determination "in approximately 45 days" from November 2 (*See* Answer ¶¶19, 20).

On November 8, 2007, this Court issued an Order requiring DHS to file its dispositive motion by December 31, 2007, which was clearly within the timeframe in which DHS, in its Answer, represented that it would conclude its determinations about the withheld information. The Court provided in the Order that "[n]o extensions of time will be granted except for good cause shown."

On December 26, 2007 – less than a week before expiration of the deadline set by the Court in the November 8 Order for DHS to file its dispositive motion – Department of Justice Counsel for DHS contacted the undersigned counsel for Plaintiff by electronic mail. Citing solely the unavailability of a DHS attorney during the interval of December 8, 2007 - January 7, 2008, Department of Justice Counsel for DHS requested a 45-day extension of the dispositive motion deadline.[1] Notably, Department of Justice Counsel for DHS did not address in the e-mail, or in the Motion for Extension, what activity, if any, DHS undertook in the month between the Court's November 8 Order and the December 8 departure of the DHS attorney, to prepare for the December 31 dispositive motion deadline.

On the same day that Department of Justice Counsel for DHS sent its request, December 26, the undersigned counsel responded, and, citing the record of delays in addressing Mr. Samir's FOIA request, DHS' self-imposed deadline as reflected in its Answer, a prior courtesy extension granted by Plaintiff, and this Court's November 8 Order, respectfully declined Department of Justice Counsel's request. The Motion for Extension followed on December 27, 2007.

---

[1] A copy of this e-mail exchange is attached as Exhibit A.

### III. IN LIGHT OF THE RECORD, DHS HAS FAILED TO SHOW "GOOD CAUSE" FOR AN EXTENSION.

The record in this matter shows that DHS represented, years after the initial FOIA request, that it had not made final determinations about the disclosures of documents. DHS further represented that, by mid- or late- December of this year, it would be able to make these determinations. Moreover, the Court gave DHS a reasonable deadline, in an Order rendered six weeks before DHS' Motion for Extension, to conduct the necessary review and prepare its summary judgment motion.

Department of Justice Counsel for DHS cites as grounds the same sort of busy workload many counsel before the District Court (including the undersigned) endure, the same Holiday schedule counsel and the Court must work around,[2] and the absence of a DHS attorney who had a full month prior to his extended leave from the office to prepare to meet the Court's December 31 deadline. Nowhere does DHS or its counsel represent that its review of the withheld documents involves an overly cumbersome process, an unanticipated retrieval procedure, or other issues related to the nature of Mr. Samir's request itself that may or may not constitute "good cause" for the request. Instead, the Motion for Extension reflects DHS' failure to abide by the timetable it set for itself in its Answer and to appropriately schedule its activity in order to accommodate its personnel's leave schedules and fulfill the Court's instructions.

For these reasons, Plaintiff suggests that DHS has failed to show the requisite "good cause" in asking for an extension of time.

---

[2] Obviously, when the Court set the December 31 deadline, it anticipated that DHS would not raise the Holidays as an impediment to following the Court's directive. Nor did DHS apparently view the Holidays as a problem when representing on November 2, in its Answer, that it would complete its determination regarding the withheld information "in approximately 45 days."

4

## IV. CONCLUSION

Accordingly, Plaintiff Samir Hussein respectfully requests that the Court deny the Motion for Extension and grant such other relief as it deems appropriate.

Respectfully Submitted,

Dated: December 28, 2007

_____
Charles D. Tobin (Bar No. 15919)
Holland & Knight LLP
2099 Pennsylvania Ave. N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000 Phone
(202) 955-5564 Fax
*Counsel for Plaintiff*

**EXHIBIT A**

## Tobin, Charles D (WAS - X72539)

**From:** Tobin, Charles D (WAS - X72539)
**Sent:** Wednesday, December 26, 2007 9:59 PM
**To:** 'Interrante, John (USADC)'
**Cc:** Kubick, Danica C (WAS - X77239)
**Subject:** RE: Hussain v. DHS, 07-1633

Mr. Interrante,

My customary practice is to cooperate on opposing counsel's reasonable requests for more time. Because of the government's record of delay after delay in this matter, however, we are unable to agree to your request for an additional 45 days beyond the December 31 dispositive motion deadline the Court has set.

As you know:

- Mr. Hussain made his FOIA request in this matter in September 2005.
- The government waited 18 months, until March 2007, to send Mr. Hussain any substantive response. When it finally did so, the document production was incomplete.
- Mr. Hussain timely appealed, but the government never responded to the appeal.
- After we were forced to file suit for Mr. Hussain in September 2007, another attorney for the government asked for an extension to respond to the Complaint, and we accommodated the government's request without reservation.
- The government then represented in its Answer, on November 2, 2007, that it would determine within "approximately 45 days" whether Mr. Hussain is entitled to additional information pursuant to the FOIA request.
- Finally, Judge Friedman wisely decided that, given the propensity of FOIA cases to linger on the docket -- and, we believe, in recognition of the repeated delays Mr. Hussain has endured in his effort to retrieve public records -- a December 31, 2007 dispositive motion deadline was appropriate.

Judge Friedman entered the *sua sponte* order on November 9, 2007, a full month before agency counsel, as your email reflects, took a lengthy leave from the office. Indeed, the government has had since November 9 to furnish Mr. Hussain with all of the withheld information, or prepare for a further litigation on a dispositive motion, but it has done neither.

In light of this history, we are unable to accommodate the government's request for yet another delay, and we will oppose a motion for extension of time. Please advise the Court of our position in your motion papers.

Very truly yours,
Chuck Tobin

### Holland + Knight

**Charles D. Tobin**
Partner
Holland & Knight LLP
2099 Pennsylvania Avenue N.W.
Washington, DC 20006
Main (202) 955-3000
Direct (202) 419-2539
Fax (202) 955-5564
Email ctobin@hklaw.com
www.hklaw.com

12/28/2007

**NOTICE:** This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

**From:** Interrante, John (USADC) [mailto:John.Interrante@usdoj.gov]
**Sent:** Wednesday, December 26, 2007 6:15 PM
**To:** Tobin, Charles D (WAS - X72539)
**Subject:** Hussain v. DHS, 07-1633

Mr. Tobin,

This case was transferred to me and I entered an appearance a few weeks ago. Defendant's dispositive motion is due on or before December 31, 2007. We will need an additional 45 days (or until February 15, 2008) to file our motion. The agency counsel has been on leave since December 8, and won't be back in the office until January 8, 2008. Accordingly, I will need the requested time to get the declaration and prepare the motion.

I will be out of the office next week and therefore will need to file the motion by the end of this week. Please advise of your client's position.

Thank you,

John Interrante

AUSA

202-514-7220

12/28/2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SAMIR HUSSAIN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-1633 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME
TO FILE A MOTION FOR SUMMARY JUDGMENT**

Upon consideration of Defendant's Motion for Extension of Time to File a Motion for Summary Judgment, and Plaintiff's Memorandum in Opposition, and the entire record herein, it is hereby

ORDERED that Defendant's Motion is DENIED.

IT IS FURTHER ORDERED that Defendant shall have until December 31, 2007, to file its Motion for Summary Judgment.

SO ORDERED, this _____ day of December, 2007.


　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　HON. PAUL L. FRIEDMAN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

# 5024536_v2