# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIR HUSSAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 07-1633 (PLF) |
| v. | ) (ECF) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HOMELAND SECURITY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Defendant, United States Department of Homeland Security, by and through undersigned counsel, respectfully moves the Court for summary judgment in this action brought under the Freedom of Information Act, 5 U.S.C. § 552, as amended, because there is no genuine issue as to any material fact, and defendant is entitled to judgment as a matter of law.[1] In support of this motion, defendant respectfully refers the Court to the accompanying memorandum of points and authorities and statement of materials facts as to which there is no genuine issue. A proposed Order consistent with this motion is attached hereto.

Plaintiff should take notice that any factual assertions contained in the documents in support of this motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), LCvR 7(h), and Fed. R. Civ. P. 56(e), which provides as follows:

---

[1] On September 14, 2007, plaintiff filed the complaint in this case (Document 1). On November 2, 2007, Defendant filed an answer to the complaint (Document 4).

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

___/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

___/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

___/s/_____
JOHN G. INTERRANTE, PA Bar #61373
Assistant United States Attorney
Civil Division, E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

Of Counsel:

Eric N. Banks
Senior Attorney-Advisor
USCIS Office of Chief Counsel

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SAMIR HUSSAIN,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 07-1633 (PLF)** |
| **v.** | ) | **(ECF)** |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **HOMELAND SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
## OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and pertains to the request of Plaintiff, Samir Hussain, for all records maintained by Defendant, United States Department of Homeland Security ("DHS"), relating to his "apprehension" and "detention" as a deportable alien on July 24, 2003. As set forth in the accompanying declaration, defendant has conducted a reasonable search of DHS records, has disclosed all non-exempt responsive records, and has not improperly withheld any responsive records from Plaintiff. Thus, there is no genuine issue as to any material fact, and defendant is entitled to judgment as a matter of law.

## STATEMENT OF FACTS

Defendant hereby incorporates the Statement of Material Facts Not In Genuine Dispute ("SFNGD"), and the Declaration of Brian J. Welsh, Assistant Center Director, Freedom of Information Act & Privacy Act, National Records Center, United States Citizenship and Immigration Services (USCIS), a component of DHS, filed contemporaneously with this Memorandum.

### **LEGAL STANDARD**

In a FOIA action, the courts have jurisdiction only when an agency has improperly withheld agency records.  5 U.S.C. § 552(a)(4)(B).  "[I]t is well established that under the FOIA, 'once the records are produced the substance of the controversy disappears and becomes moot, since disclosure which the suit seeks has already been made.'" Trueblood v. U.S. Dep't of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996) (quoting Crooker v. U.S. State Dep't, 628 F.2d 9, 10 (D.C. Cir. 1980)); see also Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982).

FOIA, however, does not allow the public to have unfettered access to government files. McCutchen v. U.S. Dep't of Health and Human Services, 30 F.3d 183, 184 (D.C. Cir. 1994). Although disclosure is the dominant objective of FOIA, there are several exemptions to the statute's disclosure requirements.  Department of Defense v. FLRA, 510 U.S. 487, 494 (1994).  To protect materials from disclosure, the agency must show that they come within one of the FOIA exemptions. Public Citizen Health Research Group v. FDA, 185 F.3d 898, 904 (D.C. Cir. 1999).

Summary judgment is appropriate in a FOIA action, such as the instant case, where the pleadings, together with the declaration, demonstrate that there are no material facts in dispute and the requested information has been produced or is exempted from disclosure, and the agency, as the moving party, is entitled to judgment as a matter of law. Fed. R Civ. P. 56(c); Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

### A.  <u>Summary Judgment</u>

Where no genuine dispute exists as to any material fact, summary judgment is required. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).  A genuine issue of material fact is one that would change the outcome of the litigation.  <u>Id.</u> at 247.  "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case."  <u>Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.</u>, 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  Thus, to avoid summary judgment here, plaintiff (as the non-moving party) must present some objective evidence that would enable the Court to find he is entitled to relief.  In <u>Celotex Corp. v. Catrett</u>, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute.  477 U.S. 317, 322-23 (1986).  In <u>Anderson,</u> the Supreme Court further explained that "the mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff."  <u>Anderson</u>, 477 U.S. at 252; <u>see also</u> <u>Laningham v. Navy</u>, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor).  In <u>Celotex</u>, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part

3

of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

## B.    **FOIA Cases**

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment.  See Cappabianca v. Commissioner, U.S. Customs Service, 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).  In a FOIA suit, as stated, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure.  Students Against Genocide, 257 F.3d at 833; Weisberg, 627 F.2d at 368.

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the Plaintiff with affidavits or declarations and other evidence which show that the documents in question were produced or are exempt from disclosure.  Hayden v. NSA, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. U.S. Dept. of Army, 611 F.2d 738, 742 (9th Cir. 1980); Trans Union LLC v. FTC, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (summary judgment in FOIA cases may be awarded solely on the basis of agency affidavits "when the affidavits describe 'the documents and the justifications for non-disclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'") (quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C.

4

Cir. 1981)).  <u>See also</u> <u>Public Citizen, Inc. v. Dept. of State</u>, 100 F. Supp. 2d 10, 16 (D.D.C. 2000),

<u>aff'd in part, rev'd in part</u>, 276 F.3d 634 (D.C. Cir. 2002).

Typically, the agency's declarations or affidavits are referred to as a <u>Vaughn</u> index, after

the case of <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), <u>cert. denied</u>, 415 U.S. 977 (1974).

There is no set formula for a <u>Vaughn</u> index.  "[I]t is well established that the critical elements of the

<u>Vaughn</u> index lie in its function, and not in its form."  <u>Kay v. FCC</u>, 976 F. Supp. 23, 35 (D.D.C.

1997).  The purpose of a <u>Vaughn</u> index is "to permit adequate adversary testing of the agency's

claimed right to an exemption."  <u>NTEU v. Customs</u>, 802 F.2d 525, 527 (D.C. Cir. 1986) (citing

<u>Mead Data Central v. United States Dept. of the Air Force</u>, 566, F.2d 242, 251 (D.C. Cir. 1977), and

<u>Vaughn</u>, 484 F.2d at 828).  Thus, the index must contain "an adequate description of the records"

and "a plain statement of the exemptions relied upon to withhold each record."  <u>NTEU</u>, 802 F.2d at

527 n.9.

The <u>Vaughn</u> index serves a threefold purpose: (1) it identifies each document withheld;

(2) it states the statutory exemption claimed; and (3) it explains how disclosure would damage the

interests protected by the claimed exemption.  <u>See</u> <u>Citizens Com'n on Human Rights v. Food and</u>

<u>Drug Admin.</u>, 45 F.3d 1325, 1326 (9th Cir. 1995).  "Of course the explanation of the exemption

claim and the descriptions of withheld material need not be so detailed as to reveal that which the

agency wishes to conceal, but they must be sufficiently specific to permit a reasoned judgment as

to whether the material is actually exempt under FOIA."  <u>Founding Church of Scientology of</u>

<u>Washington, D.C., Inc. v. Bell</u>, 603 F.2d 945, 949 (D.C. Cir. 1979).

Here, DHS has submitted a declaration and a coded <u>Vaughn</u> index in support of this motion

for summary judgment.  The declaration was prepared by Brian J. Welsh, Assistant Center Director,

5

Freedom of Information and Privacy Acts, Unit, National Records Center, USCIS, DHS, located in Lee's Summit, Missouri. See Welsh Decl. at ¶ 1. The Welsh declaration meets the requirements of Vaughn v. Rosen, and provides the Court with the requisite basis to grant defendant's motion. The Vaughn itemizations identify and describe the documents responsive to plaintiff's FOIA requests, and set forth the justification for exemptions claimed for the withholding of certain documents.

A court exercises de novo review over a FOIA matter, and the burden is on the agency to justify all non-disclosures. 5 U.S.C. § 552(a)(4)(B); U.S. Dep't of Justice v. Reporters Committee For Freedom of Press, 489 U.S. 749, 755 (1989). The agency, however, may carry its burden by relying on the declaration of a government official because courts normally accord a presumption of expertise in FOIA as long as the declaration is sufficiently clear and detailed and submitted in good faith. See, e.g., Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Hayden v. National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979). A court may therefore award summary judgment in a FOIA case solely on the basis of information provided by the department or agency affidavits or declarations. See Hayden, 608 F.2d at 1387; Key v. Dep't of Homeland Security, 510 F.Supp.2d 121, 126-27 (D.D.C. 2007).

## **ARGUMENT**

### **Defendant Is Entitled to Judgment as a Matter of Law Because an Adequate Search Was Conducted and Non-Exempt Responsive Materials Have Been Released**

In responding to a FOIA request, an agency must conduct a reasonable search for responsive records. Oglesby, 920 F.2d at 68; Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983). This "reasonableness" standard focuses on the method of the search, not its

results, so that a search is not unreasonable simply because it fails to produce responsive information. Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health and Human Services, 844 F. Supp. 770, 777 n.4 (D.D.C. 1993). An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. Oglesby, 920 F.2d at 68. Consistent with the reasonableness standard, the adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990). The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent and reasonable. Nation Magazine, Washington Bureau v. U.S. Customs Service, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Maynard v. CIA, 986 F.2d 547, 564 (1st Cir. 1993).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68; see SafeCard Services v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991). "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." Miller v. U.S. Dep't of State, 779 F.2d 1378, 1383 (8th Cir.

7

1985); <u>Goland v. Central Intelligence Agency</u>, 607 F.2d 339, 352 (D.C. Cir. 1978), <u>cert. denied</u>, 445 U.S. 927 (1980). Although the agency has the burden of proof on the adequacy of its search, the "affidavits submitted by an agency are 'accorded a presumption of good faith,'" <u>Carney v. U.S. Dep't of Justice</u>, 19 F.3d 807, 812 (2d Cir.), <u>cert. denied</u>, 513 U.S. 823 (1994) (quoting <u>SafeCard Services</u>, 926 F.2d at 1200). Thus, once the agency has met its burden regarding adequacy of its search, the burden shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. <u>Miller</u>, 779 F.2d at 1383. A requester may not rebut agency affidavits with purely speculative allegations. <u>See</u> <u>Carney</u>, 19 F.3d at 813; <u>SafeCard Services</u>, 926 F.2d at 1200; <u>Maynard v. CIA</u>, 986 F.2d 547, 559-560 (1st Cir. 1993). As discussed below, defendant met the reasonableness standard in conducting its search and is therefore entitled to summary judgment.

>    **A.      DHS Conducted an Adequate Search**

On September 23, 2005, the USCIS Central Office in Washington, D.C. ("COW"), a DHS component, received the FOIA request submitted by Plaintiff, Samir Hussain, through his counsel (Declaration of Brian J. Welsh ("Welsh Declaration"), ¶ 4). Plaintiff specifically asked for the following information: "Mr. Hussain's 'Apprehension Record'; Any Border Patrol Disposition; I-213 record of deportable alien; and any other information possessed by DHS regarding Mr. Hussain's detention on July 24, 2003." (Compl., 14, and Exh. A thereto; Welsh Decl., ¶ 4). The Declaration of Brian J. Welsh describes the reasonable and adequate search conducted by USCIS, upon receipt of plaintiff's request at the COW, and explains that it produced all non-exempt responsive records, as follows:

> 5.    [B]ased on Plaintiff's name, alien number, date of birth, and description of the sought-after record, an electronic search for responsive files was conducted of the agency's system of records known as the Alien File/Central Index System

(A-File/CIS – DHS/CIS 001 (formerly, Justice/INS 001A).[1]   The search revealed that the relevant records were physically located at the National Record Center (NRC), Lee's Summit, Missouri.   On September 27, 2005, COW transferred the request, along with the search results, to the NRC for a direct response to Plaintiff.

6.    In accordance with normal processing procedures, the NRC acknowledged receipt of Plaintiff's FOIA request, by letter dated September 27, 2005, and assigned control number NRC2005094322 to this request.  See September 27, 2005 letter, attached hereto as Exhibit A.

7.    On October 5, 2005, records responsive to the Plaintiff's request were scanned into an electronic file under the aforementioned control number to facilitate final processing pursuant to the FOIA.  Inasmuch as the USCIS, as a matter of regulation and policy[2], processes such requests on a first-in/first-out basis as determined by the approximate order of their receipt by the agency, and there were several thousand requests ahead of Plaintiff's, the instant request was processed in due course as to its relative position in the queue of pending FOIA requests since an immediate out-of-order processing of that request was not indicated by any known circumstances underlying its submission.

(Welsh Decl., ¶¶ 4-7) (footnote numbers same in original).

Thus, DHS conducted a search of all locations likely to yield documents responsive to plaintiff's request.   Clearly, the diligent search conducted here was reasonable.  See Nation Magazine, 71 F.3d at 892 n.7; Miller, 779 F.2d at 1383 ("'the search need only be reasonable; it does not have to be exhaustive.'") (citing Nat'l Cable Television Ass'n v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973)).  Indeed, although plaintiff's FOIA request was quite narrow on its face – seeking records relating to plaintiff's "apprehension," and "detention" on July 24, 2003 -- USCIS read the

---

[1]  Although the USCIS is the official custodian of the *Alien-File/Central Index System*, as a shared system of records, other contributors to the system's files are Immigration and Customs Enforcement (ICE), Customs and Border Protection (CBP), and U.S. Department of State (DOS).  Accordingly, Plaintiff's Alien-File contains the universe of documented transactions and interactions between Plaintiff and U.S. immigration authorities, whether such actions involved the USCIS, ICE, CBP, DOS, or a combination thereof.

[2]  Referencing 6 C.F.R. § 5.5 and DHS Management Directive No. 0460.1, respectively.

request broadly, and reviewed all records in plaintiff's alien file, which "chronicl[ed] the history of his various interactions with U.S. immigration authorities" (Welsh Decl., ¶ 12).[3]  Notably, DHS reviewed plaintiff's entire file because its historical records "would likely have been examined in connection with deportation proceedings" (id.).

**B.    DHS Properly Applied FOIA Exemptions 2, 5, 6 and 7**

The Declaration of Brian J. Welsh also explains that USCIS carefully reviewed responsive records, and withheld only 56 of 598 pages of documents, and redacted an additional 97 pages, based on FOIA exemptions.  Mr. Welsh described the processing of responsive documents as follows:

> 8.   On March 6, 2007, the USCIS issued its final determination concerning the release of the subject records.  The final determination resulted in the release of 445 pages of documents in full; 97 pages in part; and the withholding of 56 pages in their entireties.[4]  The agency's final determination consisted of copies of all documents for which no governmental privilege or exemption from disclosure was invoked; segregable portions of documents withheld in part (conspicuously marked with the FOIA exemption(s) asserted as justification for deletions); and a detailed explanation of each FOIA exemption asserted in

---

[3]  Mr. Welsh explained that, "[i]t is important to note that the USCIS, in good faith, interpreted Plaintiff's request of September 23, 2005, as liberally as logic and reason would permit.  A literal interpretation of the express terms of Plaintiff's request would have relegated the USCIS to considering only those documents generated specifically in connection with, and as a direct result of, Plaintiff's "detention on July 24, 2003."  Believing Plaintiff to be unaware that his entire alien file, chronicling the history of his various interactions with U.S. immigration authorities, would likely have been examined in connection with deportation proceedings, and would likely have influenced the outcome of the same, the USCIS felt that applying the more restricted interpretation would be perceived as disingenuous.  Consequently, the USCIS deemed the subject alien file responsive to Plaintiff's request in its entirety and, accordingly, processed the same at no cost to Plaintiff." (Welsh Decl., ¶ 12.)

[4]  A table of page numbers, number of pages, and exemptions cited by the USCIS for the withholding of 56 pages in their entireties is appended hereto as Exhibit B.  For greater details concerning the processing of these documents, as well as documents withheld in part, please refer to the Vaughn Index, attached hereto as Exhibit F.

connection with Plaintiff's FOIA request.  See March 6, 2007 letter, attached hereto as Exhibit C.

9.    On May 14, 2007, the Plaintiff filed with the USCIS FOIA/PA Appeals Office an administrative appeal of the USCIS's March 6 disclosure determination.  By letter dated May 16, 2007, the Appeals Office acknowledged receipt of Plaintiff's FOIA appeal, and assigned control number APP2007000517 to the matter.  See May 14, 2007 letter, attached hereto as Exhibit D.

* * * * * * *

11.    On February 8, 2008, the Appeals Branch of the USCIS FOIA Unit reviewed all documents previously withheld, in whole or part, by the USCIS on March 6, 2007, in response to Plaintiff's initial FOIA request.  It was determined that additional discretionary releases could be made to Plaintiff.  Accordingly, the USCIS issued a supplemental release of documents to Plaintiff under cover letter dated February 19, 2008.  See February 19, 2008, letter attached hereto as Exhibit E.  These changes are outlined in the Vaughn Index, attached hereto as Exhibit F.

(Welsh Decl., ¶¶ 8-9, 11)(footnote number changed from original).

Thus, upon further review of the original disclosures as part of the administrative appeal process, USCIS determined that additional discretionary releases could be made to plaintiff, and released additional documents by letter dated February 19, 2008 (Welsh Decl., ¶ 11).  Specifically, USCIS reviewed the 153 pages of documents previously withheld, in whole or part, in response to Plaintiff's initial FOIA request, and released 58 pages of documents in their entirety, and 38 pages of redacted documents (SFNGD, ¶ 7).  The supplemental disclosures reduced the total number of pages withheld by USCIS to 95 pages (34 pages have been withheld in their entirety, and 61 pages in part).  Id.  These changes (and all prior asserted exemptions) are outlined in the Vaughn index.  (Welsh Decl., ¶ 11, and Exhs. E and F (Vaughn index) thereto.)  Furthermore, many of the redactions are limited to information such as UserID numbers, law enforcement names and contact information.  See Welsh Decl., ¶ 11, and Exh. F.

11

Because no non-exempt responsive records have been improperly withheld from plaintiff, summary judgment should be entered in favor of DHS.

### 1.    Exemption 2

Exemption 2 under FOIA exempts from mandatory disclosure records that are "related solely to the internal personnel rules and practices of an agency."[5]  5 U.S.C. § 552(b)(2).  Not long after FOIA was passed, the Supreme Court declared that Exemption 2 was intended to relieve agencies of the burden of assembling and providing access to any "matter in which the public could not reasonably be expected to have an interest" and matters of public interest "where disclosure may risk circumvention of agency regulation."  Dep't of Air Force v. Rose, 425 U.S. 352, 369-70 (1976).  Subsequently, courts have approved two general categories of withholdings under Exemption 2: (1) internal matters of a relatively trivial nature (sometimes referred to as "low-2"); and (2) more substantial internal matters for which disclosure would risk circumvention of a legal requirement (sometimes called "high-2").  Schiller v. NLRB, 964 F.2d 1205, 1207 (D.C. Cir. 1992); see Crooker v. ATF, 670 F.2d 1051 (D.C. Cir. 1981) (en banc) (setting forth a two part test for high-2 material).  Disclosure of investigation case names or information about law enforcement operation handling has been held to be protected under the "high 2" exemption and computer codes, internal file

---

[5]  The Vaughn index in this case explained the basis for withholding information under this Exemption as follows: "Exemption (b)(2) provides protection for records that are related solely to the internal personnel rules and practices of an agency.  The types of documents and/or information that we have withheld under this exemption may relate to internal matters of a relatively trivial nature, such as internal personnel rules and practices which could consist of employee identification codes, computer login codes, policies regarding the use of parking facilities and break rooms, employee leave policies and dress codes or internal matters of a more substantial nature, the disclosure of which would risk circumvention of a legal requirement, such as operating rules, guidelines and manuals of procedures for examiners or adjudicators." (Welsh Decl., ¶ 11, Exh. F, "Reason for Withholding" Document 383.).

numbers, and internal operation information have been held to be protected under the "low 2" exemption. See Key, 510 F.Supp.2d at 127-28 (citation omitted). Here, disclosure of information claimed exempt under (b)(2) could impede the effectiveness of the DHS's internal law enforcement procedures.

DHS withheld 6 categories of information: (1) Officer's UserIDs; (2) computer operation codes; (3) employee telephone and facsimile numbers, and e-mail addresses; (4) internal agency administrative forms; (5) third-party records; and (6) internal agency rules and practices.

Specifically, DHS redacted Officer's UserID's from law enforcement computer screen printouts, outprocessing checklists, the back of a fingerprint card, and Form I-213, Record of Deportable Alien. Telephone and facsimile numbers, and e-mail addresses, which relate directly to the internal practices of DHS, have also been redacted from documents, such as e-mail correspondence between ICE employees, and facsimile cover sheets. These numbers are routinely used by DHS agents and support employees during the performance of their investigative duties. Disclosure of the internal telephone and facsimile numbers used by these DHS employees could subject the DHS to harassing telephone calls and facsimiles which could disrupt the official business of the DHS by impeding their ability to conduct and conclude law enforcement investigations in a timely manner.

Disclosure of routine internal DHS administrative information such as Officer UserIDs, computer operation codes, employee telephone and facsimile numbers, e-mail addresses, and administrative forms (including federal express forms) would not result in any benefit to the public at large and there is no legitimate public interest to be served in the disclosure of this information. Accordingly, this information has been exempted from disclosure pursuant to Exemption 2.

Documents were withheld because the entirety of the information related to third-parties, and for whom no privacy waivers were provided. Exemption 2 has been asserted in conjunction with Exemptions 6 and 7(C), to protect the privacy interests of the law enforcement personnel and third-parties.

The remainder of the information withheld under Exemption 2 included portions of an intra-agency letter between ICE agents and a memorandum from the FBI regarding fingerprints; and the entirety of memoranda of investigation, and Form G-600A Investigation Preliminary Worksheet.[6] These latter documents were withheld under Exemption 2 because they related to internal rules and practices, and included forms which are used by DHS investigative agents and submitted at various stages of an investigation of possible violations of immigration laws. Exemption 2 has been asserted in conjunction with Exemptions 5, 7(C), and 7(E) to protect these internal DHS law enforcement practices.

### 2.    Exemption 5

Exemption 5 of FOIA exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."[7] 5 U.S.C. § 552(b)(5). The Supreme Court has interpreted Exemption

---

[6] An internal coversheet, intra-agency e-mail message, and two law enforcement computer screen printouts relating to third-parties were withheld in their entirety. Exemptions provided a basis for the withholding of 4 of the 34 pages of documents withheld in their entirety. These four records were withheld under Exemption 2 in conjunction with Exemption 7.

[7] The Vaughn index in this case explained the basis for withholding information under this Exemption as follows: "This document was generated in anticipation of deportation proceedings. Exemption (b)(5) provides protection for inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information that we have withheld under this exemption may consist of documents containing predecisional information, documents

14

5 as allowing an agency to withhold from the public documents which a private party could not

discover in litigation with the agency.  U.S. v. Weber Aircraft Corp., 465 U.S. 792, 799 (1984);

National Labor Relations Board v. Sears, Roebuck & Co., 421 U.S. 132, 148 (1975).  Exemption

5 incorporates privileges that the Government enjoys under the relevant statutory and case law in

the pretrial discovery context.  Federal Trade Commission v. Grolier, Inc., 462 U.S. 19, 26 (1983).

Agency documents that are not routinely discoverable in civil litigation are exempted from

disclosure under Exemption 5.  Id. at 27.  Accordingly, Exemption 5 allows an agency to invoke

civil discovery privileges, including the attorney-client privilege, attorney work-product privilege,

and the executive deliberative process privilege, to justify the withholding of documents that are

responsive to a FOIA request.  Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 862 (D.C.

Cir. 1980).  Exemption (b)(5) encompasses the traditional discovery privileges of attorney work-

product, deliberative process, and attorney-client.  5 U.S.C. §552(b)(5).

Specifically, DHS withheld the following categories of documents relating to plaintiff's

deportation proceedings: (1) front and back of unexecuted Warrant of Deportation (multiple copies

of 2-page document) (6 pages withheld in entirety); (2) unexecuted Warning to Alien Order

---

or other memoranda prepared in contemplation of litigation, or confidential communications
between attorney and client.  The document at issue reveals the inner thoughts of agency
decision-makers concerning specific matters under advisement; the document was created prior
to reaching a final determination on the matter and proffers suggestions, which may or may not
have been the action(s) ultimately taken by the government in the underlying case.  The public
disclosure of this document could have a chilling effect on these and future decision-makers,
hindering the free exchange of ideas and stifling frank and candid discussions, if it is believed
that their evolving thoughts and predecisional discussions will be held up to public scrutiny, and
possible ridicule, before those efforts have been refined and finalized.  The government will lose
the benefit of such debates and exchanges, if documentation of the same is routinely disclosed
before matters are adequately considered and conclusively resolved.  Consequently, the
document is eligible for full protection from disclosure pursuant to FOIA exemption (b)(5)."
(Welsh Decl., ¶ 11, Exh. F, "Reason for Withholding" Documents 231-232.)

Removed or Deported (original and two duplicates) (3 pages withheld in entirety); Assessment to

Refer (3 pages withheld in entirety); Attorney Trial Worksheet (1 page withheld in entirety); Post

Custody Review Worksheet (redacted); intra-agency and inter-agency correspondence (redacted);

Memorandum from Assistant District counsel to ICE employee (1 page withheld in entirety);

Memorandum of Investigation (2 pages withheld in entirety); Investigation Administrative

Worksheet (2 pages withheld in entirety); ICE trial attorney worksheets (4 pages withheld in

entirety); e-mail correspondence between ICE attorneys and employees (1 page withheld in

entirety); Form-600A Investigation Preliminary Worksheet (1 page withheld in entirety);

handwritten interview notes (6 pages withheld in entirety).[8]

### a.    Attorney-client/attorney work-product

DHS asserted this exemption to protect information pursuant to the attorney work-product

and deliberative process privileges.  The records were prepared by or at the request or direction of

an attorney, and made in anticipation of or during litigation (Welsh Decl., ¶ 11, Exh. F, "Reason for

Withholding" Documents 231-232).  Indeed, DHS reviewed plaintiff's entire alien file because its

historical records "would likely have been examined in connection with deportation proceedings"

(Welsh Decl., ¶ 12).

It is well settled that Exemption 5 was intended to encompass the work-product doctrine.

Id. at 20.  Announced in Hickman v. Taylor, 329 U.S. 495 (1947), the work-product doctrine is

codified in the Federal Rules of Civil Procedure.  The applicable Fed. R. Civ. P. on the work product

doctrine provides that:

---

[8] Thus, Exemption 5 provided a basis for the withholding of 30 of the 34 pages withheld in their entirety.

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subsection (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for another party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3)(emphasis added). Under FOIA, work-product materials are not considered to be routinely available in litigation because they can only be released under Rule 26(b)(3) upon showings of substantial need and undue harm by the party seeking discovery. Grolier, 462 U.S. at 27. In light of the information contained in the internal memoranda from counsel and its purpose relating to plaintiff's deportation proceedings, DHS asserts that the documents would be protected from disclosure under Rule 26(b)(3) in civil litigation, thus making them exempt from disclosure under Exemption 5.

Generally, Exemption 5 of FOIA protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. Wood v. FBI, 432 F.3d 78 (2d Cir. 2005). In Wood the Second Circuit affirmed the district court's order upholding nondisclosure under Exemption 5, of a Department of Justice Criminal Division memorandum concerning a potential prosecution. Specifically, the circuit court agreed with the government that the prosecution memorandum was protected by the attorney work-product privilege incorporated into Exemption 5, and that under the holding in National Council of La Raza v. U.S. Dep't of Justice, 411 F.3d 350 (2d Cir. 2005), the memorandum had not been "adopted" into the final decision not to prosecute; the court also specifically left open the question of whether the "adoption" doctrine even applies to the work-product privilege, notwithstanding broad language in La Raza. 432 F.3d at 83-84.

17

The attorney trial worksheets, memoranda, and e-mail correspondence were properly withheld under Exemption 5 as privileged attorney-client communications and work-product.

### b.  Deliberative process

To withhold a responsive document under the deliberative process privilege, the agency must demonstrate that the document is "both predecisional and deliberative." Mapother v. Dep't of Justice, 3 F.3d 1533, 1537 (D.C. Cir. 1993). A communication is predecisional if "it was generated before the adoption of an agency policy" and it is deliberative if "it reflects the give-and-take of the consultative process." Coastal States, 617 F.2d at 866. The privilege "covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." Id. Again, the historical records in plaintiff's alien file, which "chronicl[ed] the history of his various interactions with U.S. immigration authorities," were deemed responsive to plaintiff's FOIA request because those records "would likely have been examined in connection with deportation proceedings" (Welsh Decl., ¶ 12).

The deliberative process privilege reflects Congress's judgment that public disclosure of predecisional, deliberative documents would inhibit "the full and frank exchange of ideas on legal policy matters" within an agency. Mead Data Cent. v. U.S. Dep't of the Air Force, 566 F.2d 242, 256 (D.C. Cir. 1977). The Supreme Court has commented that, "[h]uman experience teaches that those who expect public dissemination of their remarks may well temper candor with a concern for appearances and for their own interests to the detriment of the decisionmaking process." United States v. Nixon, 418 U.S. 683, 705 (1974).

Furthermore, attorney work-product may overlap with agency decisionmaking and be considered exempt from disclosure under Exemption 5 as part of the agency's deliberative process. The D.C. Circuit has recently held that documents containing views of outside attorneys solicited by a government agency were "intra-agency" records within scope of FOIA exemption 5. National Institute of Military Justice v. U.S. Dep't of Defense, – F.3d –, 2008 WL 108734, *3 (D.C. Cir. 2008) ("Noting that 'efficient government operation requires open discussions among all government policy-makers and advisors, whether those giving advice are officially part of the agency or are solicited to give advice only for specific projects,' we concluded: 'When an agency record is submitted by outside consultants as part of the deliberative process, and it was solicited by the agency, we find it entirely reasonable to deem the resulting document to be an 'intra-agency' memorandum for purposes of determining the applicability of Exemption 5.'") (quoting Ryan v. Dep't of Justice, 617 F.2d 718 (D.C. Cir. 1980)).

DHS properly withheld unexecuted warrants and prospective deportation warnings, an assessment to refer, portions of the post custody review worksheet listing DHS officials involved in the decisionmaking process, portions of intra-agency and inter-agency correspondence, (redacted); memoranda of investigation; investigation administrative worksheets, and handwritten interview notes.

These documents contained the deliberative process of DHS agents and employees in their consideration of plaintiff's deportation proceedings. To disclose this information would reveal predecisional communications among government personnel such as discussions of various litigation issues, alternatives, and strategies. Disclosure would jeopardize the candid and comprehensive considerations essential for efficient and effective agency decision-making.

19

The attorney work-product and deliberative process are so interwoven as to make it all, in essence, attorney work-product or predecisional in this case.   Accordingly, here as in <u>Wood</u> and <u>National Institute of Military Justice</u>, the application of Exemption 5 is appropriate.

Finally, Exemption 5 has been asserted in conjunction with Exemptions 2, 7(C), and 7(E) to protect the privacy of DHS agents and employees, and privileged communications.

### 3.    <u>Exemption 6</u>

Exemption 6 of the FOIA protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."[9] 5 U.S.C. § 552(b)(6).  "The Supreme Court has interpreted the phrase 'similar files' to include all information that applies to a particular individual."  <u>Lepelletier v.  FDIC</u>, 164 F.3d 37, 46 (D.C. Cir. 1999), quoting <u>Dep't of State v. Washington Post Co.</u>, 456 U.S. 595, 602 (1982).  The Court has also emphasized that "both the common law and the literal understanding of privacy encompass the individual's control of information concerning his or her person."  <u>U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press</u>, 489 U.S. 749, 763 (1989).

The Supreme Court has found that "[i]ncorporated in the 'clearly unwarranted' language is the requirement for ... [a] 'balancing of interests between the protection of an individual's private affairs from unnecessary public scrutiny, and the preservation of the public's right to governmental

---

[9]  The <u>Vaughn</u> index in this case explained the basis for withholding information under this Exemption as follows: "Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy.  The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, driver's license, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal."  (Welsh Decl., ¶ 11, Exh. F, "Reason for Withholding" Document 394.)

information.'" <u>Lepelletier</u>, 164 F.3d at 46 (citing <u>U.S. Dep't of Defense v. FLRA</u>, 964 F.2d 26, 29 (D.C. Cir. 1992), quoting <u>Dep't of Air Force v. Rose</u>, 425 U.S. 352, 372 (1976)).  In determining how to balance the private and public interests involved, the Supreme Court has sharply limited the notion of "public interest" under the FOIA:  "[T]he only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'"  <u>Lepelletier</u>, 164 F.3d at 46 (quoting <u>FLRA</u>, 510 U.S. at 497) (editing in original).  <u>See also</u> <u>Reporters Committee</u>, 489 U.S. at 773.  Information that does not directly reveal the operation or activities of the federal government "falls outside the ambit of the public interest that the FOIA was enacted to serve."  <u>Id.</u> at 775.  Further, "something, even a modest privacy interest, outweighs nothing every time."  <u>National Ass'n of Retired Fed. Employees v. Horner</u>, 879 F.2d 873, 879 (D.C. Cir. 1989); <u>but see</u> <u>Lepelletier</u>, 164 F.3d at 48 (in extraordinary circumstance where the individuals whose privacy the government seeks to protect have a "clear interest" in release of the requested information, the balancing under Exemption 6 must include consideration of that interest).

Here, DHS used this exemption to withhold information about third-parties that fall within the protection of Exemption 6's rubric of "invasion of personal privacy."  Each time Exemption 6 was invoked DHS performed a balancing test to ensure that the public interest did not outweigh the privacy interest of the individual involved.

Exemption 6 has been asserted in conjunction with Exemption 2 to protect third-party information in plaintiff's alien file where privacy waivers have not been provided.

4.        **Exemption 7**

Exemption 7 of FOIA protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm.  5 U.S.C. § 552(b)(7); see FBI v. Abramson, 456 U.S. 615, 622 (1982).  In order to withhold materials properly under Exemption 7, an agency must establish that the records at issue were compiled for law enforcement purposes, and that the material satisfies the requirements of one of the subparts of Exemption 7.  See Pratt v. Webster, 673 F.3d 408, 413 (D.C. Cir. 1982).  In assessing whether records are compiled for law enforcement purposes, the "focus is on how and under what circumstances the requested files were compiled, and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding."  Jefferson v. Dep't of Justice, 284 F.3d 172, 176-77 (D.C. Cir. 2002) (citations and internal quotations omitted).

"[T]he term 'law enforcement purpose' is not limited to criminal investigations but can also include civil investigations and proceedings in its scope."  Mittleman v. Office of Personnel Management, 76 F.3d 1240, 1243 (D.C. Cir. 1996), cert. denied, 519 U.S. 1123 (1997), citing Pratt v. Webster, 673 F.2d 408, 420 n.32 (D.C. Cir. 1982).  When, however, a criminal law enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by other agencies."  Keys v. U.S. Dep't of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987), citing Pratt, 673 F.2d at 418.  A criminal law enforcement agency must simply show that "the nexus between the agency's activity . . . and its law enforcement duties" is "'based on information sufficient to support at least 'a colorable claim' of its rationality.'"  Keys, 830 F.2d at 340, quoting Pratt, 673 F.2d at 421.

DHS clearly satisfies the standard for invoking Exemption 7 of the FOIA because of its law enforcement mission.  Rugiero v. U.S. Dep't of Justice, 257 F.3d 534, 550 (6th Cir. 2001)

22

(explaining that the "Court has adopted a per se rule" that applies not only to criminal enforcement actions, but to "records compiled for civil enforcement purposes as well.").  As discussed above in connection with Exemption 5, USCIS read plaintiff's FOIA request for DHS records relating to his "apprehension," and "detention" on July 24, 2003 broadly, and reviewed all records in plaintiff's alien file, which "chronicl[ed] the history of his various interactions with U.S. immigration authorities" (Welsh Decl., ¶ 12).[10]  Notably, DHS reviewed plaintiff's entire file because its historical records "would likely have been examined in connection with deportation proceedings" (id.).

### a.  Exemption 7(C)

Exemption 7(C) of the FOIA exempts from mandatory disclosure information compiled for law enforcement purposes when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy."[11]  5 U.S.C. § 552(b)(7)(C).  See also 5 U.S.C. § 552a

---

[10]  Mr. Welsh explained that, "[i]t is important to note that the USCIS, in good faith, interpreted Plaintiff's request of September 23, 2005, as liberally as logic and reason would permit.  A literal interpretation of the express terms of Plaintiff's request would have relegated the USCIS to considering only those documents generated specifically in connection with, and as a direct result of, Plaintiff's "detention on July 24, 2003."  Believing Plaintiff to be unaware that his entire alien file, chronicling the history of his various interactions with U.S. immigration authorities, would likely have been examined in connection with deportation proceedings, and would likely have influenced the outcome of the same, the USCIS felt that applying the more restricted interpretation would be perceived as disingenuous.  Consequently, the USCIS deemed the subject alien file responsive to Plaintiff's request in its entirety and, accordingly, processed the same at no cost to Plaintiff." (Welsh Decl., ¶ 12.)

[11]  The Vaughn index in this case explained the basis for withholding information under this Exemption as follows: "Exemption (b)(7)(C) provides protection for personal Information in law enforcement records the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy.  The document in which the subject employees' signoffs were found was part of a record compiled for law enforcement purposes.  Public identification of these employees could conceivably subject them to harassment and annoyance in their private lives as well as in the performance of their official duties and, thereby, impair

(j)(2) (Privacy Act).   The Supreme Court affirmed the broad scope of Exemption 7(C) in National Archives and Records Admin. v. Favish, 541 U.S. 157 (2004).   Once the agency has demonstrated that the records were compiled for law enforcement purposes, the Court must next consider whether the release of information withheld "could reasonably be expected to constitute an unwarranted invasion of personal privacy."   This determination necessitates a balancing of the individual's right to privacy against the public's right of access to information in government files.   See, e.g., U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 776-780 (1989).

In interpreting this exception, courts employ a balancing test weighing the privacy interests of the affected individuals against the public interest in disclosure of the information.   See, e.g., Oguaju v. United States, 288 F.3d 448 (D.C. Cir. 2002), vacated 124 S.Ct. 1903 (2004), reinstated, 378 F.3d 1115 (D.C. Cir.), modified, 386 F.3d 273 (D.C. Cir. 2004); Beck v. Dep't of Justice, 997 F.2d 1489, 1491 (D.C. Cir. 1993).   In order to trigger the balancing of public interests against private interests, a FOIA requester must (1) "show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake," and (2) "show the information is likely to advance that interest."   Boyd v. Criminal Division of U.S. Dept. of Justice, 475 F.3d 381, 366, (D.C. Cir. 2007), citing Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 172, (2004).   It is the "interest of the general public, and not that of the private litigant" that the Court considers in this analysis.   Ditlow v. Schultz, 517 F.2d 166, 171-72 (D.C. Cir. 1975).

their ability to effectively carry out the responsibilities of their positions.  Accordingly, identity information was deleted from this law enforcement document pursuant to FOIA exemption (b)(7)(C) to avoid an unwarranted invasion of their personal privacy."  (Welsh Decl., ¶ 11, Exh. F, "Reason for Withholding" Document 269.)

The Supreme Court has made clear that "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to 'the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny,' rather than on the particular purpose for which the document is being requested." Reporter's Committee, 489 U.S. at 772 (internal quotation marks and quotation omitted). Information that does not directly reveal the operations or activities of the government "falls outside the ambit of the public interest that the FOIA was enacted to serve." Id. at 775. The plaintiff bears the burden of establishing that the "public interest in disclosure is both significant and compelling in order to overcome legitimate privacy interests." Perrone v. FBI, 908 F. Supp. 24, 26 (D.D.C. 1995) (citing Senate of Puerto Rico v. Department of Justice, 823 F.2d 574, 588 (D.C. Cir. 1987)).

Courts are quick to point out, however, that the public interest in disclosure refers to "open[ing] agency action to the light of public scrutiny," Oguaju, 288 F.3d at 450 (quoting Reporter's Comm., 489 U.S. at 772), and "it does not include helping an individual obtain information for his personal use," id. (quoting Mays v. DEA, 234 F.3d 1324, 1327 (D.C. Cir. 2000)). The Oguaju court bluntly rejected the requestor's argument that the public interest was served in releasing information that might aid him in his defense against criminal charges: "Oguaju's personal stake in using the requested records to attack his convictions does not count in the calculation of the public interest." 288 F.3d at 450 (emphasis added). Accord SafeCard Services, 926 F.2d at 1206 (public interest in disclosure of third party identities is "insubstantial").

Finally, only where the requester can produce meaningful evidence – "more than a bare suspicion" – which would cause a reasonable person to believe that the government had engaged in

impropriety should the Court even consider balancing the privacy interests against the public interest in disclosure. Favish, 124 S. Ct. at 1581. Plaintiff here cannot allege any such impropriety.

Specifically, DHS withheld the following categories of information: (1) internal agency worksheets; (2) assessment to refer; (3) intra-agency forms; (4) law enforcement computer screen printouts; (5) post order custody review worksheets; (6) intra-agency and inter-agency written and e-mail correspondence; (7) portions of fingerprint cards (Officer UserID codes were redacted); (8) legal memoranda to agency employees; (9) memoranda of investigation; (10) investigation administrative worksheets; and (11) handwritten interview notes.

The names of law enforcement officers who work on criminal investigations have traditionally been protected against release by Exemption 7(C). Davis, 968 F.2d at 1281; Lesar v. U.S. Dep't of Justice, 636 F.2d 472, 487-488 (D.C. Cir. 1980). Similarly, individuals who provide information to law enforcement authorities, like the law enforcement personnel themselves, have protectable privacy interests in their anonymity. Computer Professionals for Social Responsibility, 72 F.3d at 904; Farese v. U.S. Dep't of Justice, 683 F. Supp. 273, 275 (D.D.C. 1987). Accordingly, the privacy interests of third parties mentioned in law enforcement files are "substantial," while "[t]he public interest in disclosure [of third-party identities] is not just less substantial, it is insubstantial." SafeCard Services, 926 F.2d at 1205. Our court of appeals has held "categorically" that "unless access to names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure." SafeCard Services, 926 F.2d at 1206.

A Review of the Declaration provided by DHS's Brian Welsh, and the attached <u>Vaughn</u> index, demonstrates that the excisions made relate to protecting the identity of agents and employees of the agencies as well as third parties whose names appear in the records and for whom no privacy waivers have been supplied. The law is well settled that all of these individuals, ranging from DHS agents and support staff, to third parties and others, have substantial, protectable privacy interests in their anonymity. <u>Nation Magazine</u>, 71 F.3d at 893; <u>Computer Professionals for Social Responsibility</u>, 72 F.3d at 904; <u>Farese v. U.S. Dep't of Justice</u>, 683 F. Supp. 273, 275 (D.D.C. 1987); <u>Lesar v. U.S. Dep't of Justice</u>, 636 F.2d 472, 487-88 (D.C. Cir. 1980). The Welsh Declaration reflects clearly that Exemption 7(C) was appropriately applied in this case to protect names and personal information of the forgoing individuals.

Indeed, the identities of government employees, including DHS agents were properly withheld. Releasing their identities and information pertaining to these individuals would place each of these persons in such a position that they may suffer undue invasions of privacy, harassment and humiliation from disclosure of their identities in a criminal law enforcement investigatory file. <u>See Key</u>, 510 F.Supp.2d at 128 ("One who serves his state or nation as a career public servant is not thereby stripped of every vestige of personal privacy, even with respect to the discharge of his official duties. Public identification of any of these individuals could conceivably subject them to harassment and annoyance in the conduct of their official duties and in their private lives."). These persons were assigned to handle tasks relating to the official investigation into possible deportation proceedings. They were, and possibly still are, in positions of access to information regarding official law enforcement investigations. If their identities are released, they could become targets of harassing inquiries for unauthorized access to information pertaining to ongoing and closed

investigations.    Moreover, there is no public interest to be served by releasing the identities of the agents or any third-parties.

Exemption 7(C)  has been asserted in conjunction with Exemptions 2, 5, 6, 7(E) to protect the privacy interests of law enforcement officials and third-parties.

### b.    Exemption 7(E)

Exemption 7(E) of the FOIA provides protection for all information compiled for law enforcement purposes when release "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."[12] 5 U.S.C. § 552(b)(7)(E).  The first clause of Exemption 7(E) affords "categorical" protection for "techniques and procedures" used in law enforcement investigations or prosecutions.  Smith v. Bureau of Alcohol, Tobacco and Firearms, 977 F. Supp. 496, 501 (D.D.C. 1997), citing Fisher v. U.S. Dep't of Justice, 772 F. Supp. 7, 12 n. 9 (D.D.C. 1991), aff'd, 968 F.2d 92 (D.C. Cir. 1992). While Exemption 7(E)'s protection is generally limited to techniques or procedures that are not well known to the public, even commonly known procedures may be protected from disclosure if the disclosure could reduce or nullify their effectiveness.  See, e.g., Coleman v. FBI, 13 F. Supp. 2d. 75, 83 (D.D.C. 1998) (applying 7(E) to behavioral science analysis and details of polygraph

---

[12]  The Vaughn index in this case explained the basis for withholding information under this Exemption as follows: "Exemption (b)(7)(E) is being applied to a systems check result. Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  The types of documents and/or information that we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents." (Welsh Decl., ¶ 11, Exh. F, "Reason for Withholding" Document 402.)

examination); Perrone v. FBI, 908 F. Supp. 24, 28 (D.D.C. 1995) (applying 7(E) to type of polygraph test, type of machine used, polygraph questions and sequence). In justifying the application of Exemption 7(E) the agency may describe the general nature of the technique while withholding the full details. See, e.g., Bowen v. FDA, 925 F.2d 1225, 1228 (9th Cir. 1991). The agency is not, however, required to describe secret law enforcement techniques, even in general terms, if the description would disclose the very information sought to be withheld. Coleman, 13 F. Supp. 2d at 83; Smith, 977 F. Supp. at 501.

Exemption 7(E)'s second clause separately protects "guidelines for law enforcement investigations or prosecutions if [their] disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Accordingly, this clause of the Exemption protects any "law enforcement guideline" that pertains to the prosecution or investigative stage of a law enforcement matter whenever its disclosure "could reasonably be expected to risk circumvention of the law." See, e.g., PHE, Inc. v. U.S. Dep't of Justice, 983 F.2d 248, 251 (D.C. Cir. 1993) ("release of FBI guidelines as to what sources of information are available to its agents might encourage violators to tamper with those sources of information and thus inhibit investigative efforts"); Jimenez v. FBI, 938 F. Supp. 21, 30 (D.D.C. 1996) (applying Exemption 7(E) to gang-validation criteria used by Bureau of Prisons to determine whether individual is gang member).

Specifically, DHS withheld the following categories of information: (1) intra-agency emails; (2) continuation pages of Form I-213, Record of Deportable Alien (redacted); (3) case status computer printout screens; and (4) Form G-600A Investigation Preliminary Worksheet.

Here, Exemption 7(E) has been asserted to protect the detailed description of the manner in which DHS conducts system checks and other operations relating to deportation proceedings. If

DHS were to disclose these procedures, and release details of the specific techniques used, it could jeopardize the effectiveness of any future investigation. See Key, 510 F.Supp.2d at 130 ("The Court finds that the Secret Service properly relied on Exemption 7(E) to withhold information relating to methods used to investigate criminal counterfeiting activity because the release of such information could compromise future investigation."). This exemption has also been asserted, in conjunction with Exemptions 2 and 7(C), to protect certain information on DHS administrative and investigative forms used by DHS agents to report matters arising in investigations relating to this and future deportation proceedings.

C.    All Reasonably Segregable Material Has Been Released to Plaintiff

The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); Mead Data, 566 F.2d at 260. The Court of Appeals for the District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte." Trans-Pacific Policing Agreement v. United States Customs Serv., 177 F.3d 1022, 1028 (D.C. Cir. 1999).

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements." Mead Data, 566 F.2d at 261. The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed. Id. All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated. Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996). Moreover, the agency is

not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." Mead Data, 566 F.2d at 261, n.55.

A review of Mr. Welsh's declaration, and the accompanying Vaughn index, reveals that the USCIS carefully reviewed each document to determine if any information could be segregated and released, that some documents were withheld in part and others in their entirety (with appropriate redactions), and that all reasonably segregable non-exempt material has been released. See Welsh Decl., ¶¶ 8, 11, 13 and Exhibits C, E and F (Vaughn Index); Armstrong, 97 F.3d at 578-79; Mead Data, 566 F.2d at 26.[13]

## CONCLUSION

For all the foregoing reasons, Defendant's Motion for Summary Judgment should be granted.

---

[13] "The USCIS has now released all reasonably segregable portions of documents to Plaintiff in response to his initial FOIA request of September 23, 2005." (Welsh Decl., ¶ 13.)

Respectfully submitted,


    /s/
_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


    /s/
_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


    /s/
_____
JOHN G. INTERRANTE, PA Bar #61373
Assistant United States Attorney
Civil Division, E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov


Of Counsel:

Eric N. Banks
Senior Attorney-Advisor
USCIS Office of Chief Counsel

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on this 20th day of February, 2008, I caused the foregoing Motion for for Summary Judgment, supporting memorandum of points and authorities, statement of material facts as to which there is no genuine issue, and a proposed Order to be served on Plaintiff, though counsel, at the ECF address of record in this case.

_____/s/_____
John G. Interrante
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SAMIR HUSSAIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 07-1633 (PLF)** |
| **v.** | ) | **(ECF)** |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **HOMELAND SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS NO GENUINE DISPUTE

Pursuant to LCvR 7(h), Defendant hereby submits the following statement of material facts as to which there is no genuine dispute:.

### I. Plaintiff's FOIA Request

1.      Plaintiff's counsel, Leon Fresco, submitted a FOIA request to the United States Citizenship and Immigration Service, Central Office, Washington, D.C. ("COW"), on September 23, 2005, seeking access to Plaintiff (Samir Hussain)'s "'Apprehension Record'; any Border Patrol Disposition; I-213 Record of Deportable Alien; and any other information possessed by DHS regarding Hussain's detention on July 24, 2003" (Welsh Decl., ¶ 4; Compl., 14, and Exh. A thereto).

### II. DHS's Release of Non-Exempt Responsive Documents to Plaintiff

2.      On September 26, 2005, the request was received at the COW whereupon, based on Plaintiff's name, alien number, date of birth, and description of the sought-after record, an electronic search for responsive files was conducted of the agency's system of records known as the Alien File/Central Index System (A-File/CIS – DHS/CIS 001 (formerly, Justice/INS 001A.  The search revealed that the relevant records were physically located at the National Record Center (NRC),

Lee's Summit, Missouri. On September 27, 2005, COW transferred the request, along with the search results, to the NRC for a direct response to Plaintiff (Welsh Decl., ¶ 5).

3.    In accordance with normal processing procedures, the NRC acknowledged receipt of Plaintiff's FOIA request, by letter dated September 27, 2005, and assigned control number NRC2005094322 to this request (Welsh Decl., ¶ 6, and Exh. A thereto).

4.    On October 5, 2005, records responsive to the Plaintiff's request were scanned into an electronic file under the aforementioned control number to facilitate final processing pursuant to the FOIA (Welsh Decl., ¶ 7).

5.    On March 6, 2007, the USCIS issued its final determination concerning the release of the subject records. The final determination resulted in the release of 445 pages of documents in full; 97 pages in part; and the withholding of 56 pages in their entireties. Thus, 153 pages of documents were withheld, in whole or part. The agency's final determination consisted of copies of all documents for which no governmental privilege or exemption from disclosure was invoked; segregable portions of documents withheld in part (conspicuously marked with the FOIA exemption(s) asserted as justification for deletions); and a detailed explanation of each FOIA exemption asserted in connection with Plaintiff's FOIA request. (Welsh Decl., ¶ 8, and Exh. C thereto; Compl., 15, and Exh. B thereto.)

6.    On May 14, 2007, the Plaintiff filed with the USCIS FOIA/PA Appeals Office an administrative appeal of the USCIS's March 6, 2007 disclosure determination. By letter dated May 16, 2007, the Appeals Office acknowledged receipt of Plaintiff's FOIA appeal, and assigned control number APP2007000517 to the matter. (Welsh Decl., ¶ 9, and Exh. D thereto; Compl., ¶ 21, and Exh. D thereto.)

2

7.    On February 8, 2008, the Appeals Branch of the USCIS FOIA Unit reviewed the 153 pages of documents previously withheld, in whole or part, by the USCIS on March 6, 2007, in response to Plaintiff's initial FOIA request.  It was determined that additional discretionary releases could be made to Plaintiff.  Accordingly, USCIS issued a supplemental release of documents to Plaintiff under cover letter dated February 19, 2008.  Specifically, USCIS released  58 pages of documents in their entirety, and 38 pages of redacted documents.  The supplemental disclosures reduced the total number of pages withheld by USCIS to 95 pages (34 pages have been withheld in their entirety, and 61 pages in part). These changes (and all prior asserted exemptions) are outlined in the Vaughn index.  (Welsh Decl., ¶ 11, and Exhs. E and F (Vaughn index) thereto.)

8.    The USCIS has now released all reasonably segregable portions of documents to Plaintiff in response to his initial FOIA request of September 23, 2005 (Welsh Decl., ¶ 13).

Respectfully submitted,


    /s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


    /s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


    /s/
JOHN G. INTERRANTE, PA Bar #61373
Assistant United States Attorney
Civil Division, E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov


Of Counsel:

Eric N. Banks
Senior Attorney-Advisor
USCIS Office of Chief Counsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MR. SAMIR HUSSAIN,     )
)
    Plaintiff,     )
)     Case No.:    07-CV-1633 (PLF)
    v.     )
)
U.S. DEPARTMENT OF     )
  HOMELAND SECURITY,     )
)
    Defendant.     )

## DECLARATION OF BRIAN J. WELSH

I, BRIAN J. WELSH, hereby declare:

1. I am the Assistant Center Director, in the Freedom of Information and Privacy Acts (FOIA/PA) Unit, National Records Center (NRC), United States Citizenship and Immigration Services (USCIS), within the Department of Homeland Security (DHS), in Lee's Summit, Missouri. I have held this position of Assistant Center Director since February 21, 2006. Prior to the formation of the DHS, this office was a component of the Immigration and Naturalization Service (INS), within the Department of Justice (DOJ). After the INS ceased to exist in March 2003, FOIA/PA became part of Immigration and Customs Enforcement (ICE) within the DHS. In October 2003, FOIA/PA became part of United States Citizenship and Immigration Services (USCIS) within the DHS.

2. Through the exercise of my official duties, I am generally familiar with Plaintiff's civil action. I make the following statements based upon my personal knowledge, upon information made available to me in my official capacity, and upon the advice and counsel of the USCIS Office of Chief Counsel.

3. This Declaration is submitted in support of Defendant's ANSWER TO COMPLAINT in the above-captioned matter.

4. Plaintiff's counsel, Leon Fresco, submitted a FOIA request to the United States Citizenship and Immigration Service, Central Office, Washington, D.C. (COW), on September 23, 2005, seeking access to Plaintiff's (Samir Hussain) "'*Apprehension Record*'; any Border Patrol Disposition; I-213 Record of

*Deportable Alien; and any other information possessed by DHS regarding Hussain's detention on July 24, 2003."*

5. On September 26, 2005, the request was received at the COW whereupon, based on Plaintiff's name, alien number, date of birth, and description of the sought-after record, an electronic search for responsive files was conducted of the agency's system of records known as the *Alien File/Central Index System (A-File/CIS – DHS/CIS 001 (formerly, Justice/INS 001A)*. [1] The search revealed that the relevant records were physically located at the National Record Center (NRC), Lee's Summit, Missouri. On September 27, 2005, COW transferred the request, along with the search results, to the NRC for a direct response to Plaintiff.

6. In accordance with normal processing procedures, the NRC acknowledged receipt of Plaintiff's FOIA request, by letter dated September 27, 2005, and assigned control number NRC2005094322 to this request. *See September 27, 2005 letter, attached hereto as* **Exhibit A.**

7. On October 5, 2005, records responsive to the Plaintiff's request were scanned into an electronic file under the aforementioned control number to facilitate final processing pursuant to the FOIA. Inasmuch as the USCIS, as a matter of regulation and policy [2], processes such requests on a first-in/first-out basis as determined by the approximate order of their receipt by the agency, and there were several thousand requests ahead of Plaintiff's, the instant request was processed in due course as to its relative position in the queue of pending FOIA requests since an immediate out-of-order processing of that request was not indicated by any known circumstances underlying its submission.

8. On March 6, 2007, the USCIS issued its final determination concerning the release of the subject records. The final determination resulted in the release of 445 pages of documents in full; 97 pages in part; and the withholding of 56 pages in their entireties. [3] The agency's final determination consisted of copies of all documents for which no governmental privilege or exemption

---

[1] Although the USCIS is the official custodian of the *Alien-File/Central Index System*, as a shared system of records, other contributors to the system's files are Immigration and Customs Enforcement (ICE), Customs and Border Protection (CBP), and U.S. Department of State (DOS). Accordingly, Plaintiff's Alien-File contains the universe of documented transactions and interactions between Plaintiff and U.S. immigration authorities, whether such actions involved the USCIS, ICE, CBP, DOS, or a combination thereof.

[2] Referencing 6 C.F.R. §5.5 and DHS Management Directive No. 0460.1, respectively.

[3] A table of page numbers, number of pages, and exemptions cited by the USCIS for the withholding of 56 pages in their entireties is appended hereto as **Exhibit B.** For greater details concerning the processing of these documents, as well as documents withheld in part, please refer to the *Vaughn Index*, attached hereto as **Exhibit F.**

from disclosure was invoked; segregable portions of documents withheld in part (conspicuously marked with the FOIA exemption(s) asserted as justification for deletions); and a detailed explanation of each FOIA exemption asserted in connection with Plaintiff's FOIA request. *See March 6, 2007 letter, attached hereto as* **Exhibit C**.

9. On May 14, 2007, the Plaintiff filed with the USCIS FOIA/PA Appeals Office an administrative appeal of the USCIS's March 6 disclosure determination. By letter dated May 16, 2007, the Appeals Office acknowledged receipt of Plaintiff's FOIA appeal, and assigned control number APP2007000517 to the matter. *See May 16, 2007 letter, attached hereto as* **Exhibit D**.

10. On September 14, 2007, Plaintiff filed the instant action in the United States District Court for the District of Columbia.

11. On February 8, 2008, the Appeals Branch of the USCIS FOIA Unit reviewed all documents previously withheld, in whole or part, by the USCIS on March 6, 2007, in response to Plaintiff's initial FOIA request. It was determined that additional discretionary releases could be made to Plaintiff. Accordingly, the USCIS issued a supplemental release of documents to Plaintiff under cover letter dated February 19, 2008. *See February 19, 2008, letter attached hereto as* **Exhibit E**. These changes are outlined in the *Vaughn* Index, attached hereto as **Exhibit F**.

12. It is important to note that the USCIS, in good faith, interpreted Plaintiff's request of September 23, 2005, as liberally as logic and reason would permit. A literal interpretation of the express terms of Plaintiff's request would have relegated the USCIS to considering only those documents generated specifically in connection with, and as a direct result of, Plaintiff's *"detention on July 24, 2003."* Believing Plaintiff to be unaware that his entire alien file, chronicling the history of his various interactions with U.S. immigration authorities, would likely have been examined in connection with deportation proceedings, and would likely have influenced the outcome of the same, the USCIS felt that applying the more restricted interpretation would be perceived as disingenuous. Consequently, the USCIS deemed the subject alien file responsive to Plaintiff's request in its entirety and, accordingly, processed the same at no cost to Plaintiff.

3

13. The USCIS has now released all reasonably segregable portions of documents to Plaintiff in response to his initial FOIA request of September 23, 2005.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on ___*February 19*___ , 2008.

_____
Brian J. Welsh
Assistant Center Director
Freedom of Information Act & Privacy Act

**EXHIBIT A**

U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010



**U.S. Citizenship
and Immigration
Services**

September 27, 2005

**NRC2005094322**

Leon Fresco
Holland & Knight
701 Brickell Avenue, Suite 3000
Miami, FL 33131

Dear Leon Fresco:

On September 27, 2005 we received your request for information relating to your client Samir Hussain.

Your request is being handled under the provisions of the Freedom of Information Act
(5 U.S.C. 552). It has been assigned the following control number: NRC2005094322. Please cite this
number in any further inquiry about this request.

In accordance with Department of Homeland Security Regulations (6 CFR 5.3(c)), your request is
deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be
charged for searching for records sought at the respective clerical, professional, and/or managerial rates of
$4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first
100 copies and two hours of search time are not charged, and the remaining combined charges for search
and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any
fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

Additionally, we respond to requests on a first-in, first-out basis and on a multi-track system. With this
system we consider each request according to the complexity and volume so that requesters with a simple
and quick response do not wait for extended periods of time while we review complex voluminous
requests. Because of the nature of your request we have placed your request on the simple track.

This office is now able to offer you the option of having your records copied to a Compact Disc (CD) for
use on your personal computer. This option is an alternative to paper copies. The CD is readable on all
computers, except Apple brand, through the use of Adobe Acrobat software. A version of Adobe Acrobat
will be included on the CD. Your records can be viewed on your computer screen and can be printed
onto paper. Only records 15 pages or more are eligible for CD printing. **Attorneys automatically
receive CDs, unless they contact us to request paper copies. Once an attorney has requested paper
copies, all future responsive records will be provided via paper – there is no need to call again.** For
individuals (i.e. non-attorneys) please call our office at (816) 350-5570 to order your record on CD. Once
you request your records on either CD or paper, all future records will be furnished in the format you have
requested.

If you have any questions concerning your pending FOIA/PA request, please address them to this office, Attention: FOIA/PA Officer, or call us at (816) 350-5570, or fax any FOIA/PA related correspondence to (816) 350-5785. If you have questions concerning the status of a pending Application or Petition or any other type of immigration matter, you must contact your local District Office or call the National Customer Service Unit at 1-800-375-5283. The National Records Center cannot assist you concerning any pending Applications or Petitions or any other type of immigration matter.

Sincerely,

T. Diane Cejka
Director

**<u>EXHIBIT B</u>**

**DEPARTMENT OF HOMELAND SECURITY**
**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE**
**FOIA/PA APPEALS**
**WASHINGTON, D.C.**

**IN THE FOIA APPEAL OF SAMIR HUSSAIN, A75 254 244**
**NRC2005094322**

**TABLE OF PAGE NUMBERS, NUMBERS OF PAGES AND EXEMPTIONS CITED BY DHS**
**FOR THE WITHHOLDING OF 56 PAGES IN THEIR ENTIRETY IN DHS FOIA RESPONSE**

| Page Numbers of Documents Withheld in Entirety in DHS FOIA Response | Number of Pages of Documents Withheld in Entirety in DHS FOIA | Exemption(s) Cited for Withholding Documents in Entirety in DHS FOIA |
|---|---|---|
| 231-239 | 9 | (b)(5), (b)(7)(c) |
| 261 | 1 | (b)(5) |
| 266 | 1 | (b)(5) |
| 272 | 1 | (b)(5), (b)(7)(c) |
| 273-274 | 2 | (b)(5) |
| 292 | 1 | (b)2, (b)(5), (b)(7)(c) |
| 384 | 1 | (b)5 |
| 391-392 | 2 | (b)5, (b)(7)(c) |
| 395-396 | 2 | (b)5, (b)(7)(c) |
| 397-400 | 4 | (b)(5) |
| 401 | 1 | (B)5, (b)(7)(c) |
| 402 | 1 | (b)2, (b)(5), (b)(7)(c) |
| 407 | 1 | (b)2, (b)(7)(c) |
| 409 | 1 | (b)5, (b)(7)(c) |
| 413-414 | 2 | (b)2, (b)(7)(c) |
| 415-417 | 3 | (b)2, (b)(5), (b)(7)(c) |
| 430 | 1 | (b)2, (b)(6) |
| 432 | 1 | (b)2, (b)(6), (b)(7)(c) |
| 439 | 1 | (b)5, (b)(7)(c)), (b)(7)(c) |
| 442-443 | 2 | (b)2, (b)(5), (b)(7)(c) |
| 527-528 | 2 | (b)(5) |
| 531 | 1 | (b)2, (b)(5), (b)(7)(c) |
| 537 | 1 | (B)5, (b)(7)(c) |
| 552 | 1 | (b)2, (b)(7)(c) |
| 555 | 1 | (b)2, (b)(5), (b)(7)(c) |
| 556 | 1 | (b)5, (b)(7)(c) |
| 560 | 1 | (b)2, (b)(5), (b)(7)(c) |
| 563 | 1 | (b)2, (b)(5), (b)(7)(c), (b)(7)(e) |
| 584-585 | 2 | (b)(5) |
| 590-594 | 5 | (b)5, (b)(7)(c) |
| 595 | 1 | (b)(5) |
| **Total** | **56** | |

**EXHIBIT C**

U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010



**U.S. Citizenship and Immigration Services**

March 6, 2007

**NRC2005094322**

Leon Fresco
Holland & Knight LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

Dear Leon Fresco:

This is in response to your Freedom of Information Act (FOIA) request received in this office September 27, 2005, regarding the subject: Hussain, Samir.

We have completed the review of all documents responsive to your request and have identified 598 pages responsive to your request. Enclosed are 445 pages released in their entirety, and 97 pages released in part. We are withholding 56 pages in full. In our review of these pages we have determined that they contain no reasonably segregable portion(s) of non-exempt information. We have reviewed and have determined to release all information except those portions, which are exempt pursuant to 5 U.S.C. 552 (b)(2), (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

□  Exemption (b)(2) provides protection for records that are related solely to the internal personnel rules and practices of an agency. The types of documents and/or information withheld under this exemption may relate to internal matters of a relatively trivial nature, such as internal personnel rules and practices which could consist of employee identification codes, computer login codes, policies regarding the use of parking facilities and break rooms, employee leave policies and dress codes or internal matters of a more substantial nature, the disclosure of which would risk circumvention of a legal requirement, such as operating rules, guidelines and manuals of procedures for examiners or adjudicators.

□  Exemption (b)(5) provides protection for inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information withheld under this exemption may consist of documents containing predecisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

□  Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information withheld may consist of birth certificates, naturalization certificates, drivers license, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

❑ Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld various information relating to third-party individuals. The types of documents and/or information withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

❑ Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

The enclosed record consists of the best reproducible copies available.

In the event you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 111 Massachusetts Ave., NW, Washington, DC 20529, within 60 days of receipt of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a pending matter, you must address these issues with your nearest district office.

If you should have any additional questions about your request, please direct your inquiries to this office at the above address. You may also call us at (816) 350-5570 or fax any correspondence to (816) 350-5785.

Sincerely,

T. Diane Cejka
Director

Enclosure(s)

**EXHIBIT D**



U.S. Department of Homeland Security
4th Floor, FOIA Unit
111 Mass Avenue, NW
Washington, DC 20529

**U.S. Citizenship
and Immigration
Services**

May 16, 2007

**APP2007000517**

Leon Fresco
Holland & Knight LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

Dear Leon Fresco:

Re: NRC2005094322

This is to advise you that we received your administrative appeal regarding the action by the National
Records Center relating to Hussain, Samir, on May 14, 2007.

We have the responsibility of adjudicating appeals and will make every effort to respond to your request
as quickly as possible. In an attempt to afford each appellant equal and impartial treatment, we have
adopted a general practice of assigning appeals in the approximate order of receipt. We have assigned
control number APP2007000517 to your appeal. Please mention this number in any future
correspondence to this office regarding this matter.

We will notify you of the decision on your appeal as quickly as possible. However, we must first contact
the National Records Center and obtain the background material on your request. If you have further
questions, please direct your inquiry to this office.

Sincerely,

Verna A. Tynes
Chief, FOIA Appeals Unit

**EXHIBIT E**

U.S. Department of Homeland Security
*Office of Chief Counsel*
20 Massachusetts Ave., NW, 4th Floor
Washington, DC 20536



**U.S. Citizenship
and Immigration
Services**

**APP2007000517**

FEB 1 9 2008

Leon Fresco
Holland & Knight LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

    Re: NRC2005094322

Dear Mr. Fresco:

You appealed the action of the National Records Center (NRC) regarding your request for access to records pertaining to Samir Hussain, dated September 27, 2005.

The NRC originally withheld 97 pages in part and 56 pages in full in its response to you. After careful consideration of your appeal we have decided to release 96 additional pages to you, copies of which are enclosed. We are releasing 58 pages in full and 38 in part. The exemptions being applied to the pages that are being withheld in part are 5 U.S.C. §§ 552(b)(2), (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E). As to the remaining pages, however, we found that the NRC properly withheld certain information that is protected from disclosure pursuant to 5 U.S.C. §§ 552(b)(2), (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E).

We have determined that the information that we have withheld is not appropriate for discretionary release. We have also released all reasonable segregable portions of the withheld material. If you are dissatisfied with our action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Peter D. Gregory, Chief
Commercial & Administrative Law Division
Department of Homeland Security
U.S. Citizenship and Immigration Services

**EXHIBIT F**

**Samir Hussain v. U.S. Department of Homeland Security, et. al.**
**Civil Action No. 07-1633 PLF**

**VAUGHN INDEX of FOIA request APP2007000517**
**Hussain, Samir**

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| 231-232 | Front and back of unexecuted Warrant of Deportation | Originally page 231 was withheld in full (b)(5) and (b)(7)(C). Page 232 withheld in full pursuant to (b)(5). Agency has now determined that (b)(7)(C) is no longer applicable. | This document was generated in anticipation of deportation proceedings.

Exemption (b)(5) provides protection for inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information that we have withheld under this exemption may consist of documents containing predecisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

The document at issue reveals the inner thoughts of agency decision-makers concerning specific matters under advisement; the document was created prior to reaching a final determination on the matter and proffers suggestions, which may or may not have been the action(s) ultimately taken by the government in the underlying case. The public disclosure of this document could have a chilling effect on these and future decision-makers, hindering the free exchange of ideas and stifling frank and candid discussions, if it is believed that their evolving thoughts and predecisional discussions will be held up to public scrutiny, and possible ridicule, before those efforts have been refined and finalized. The government will lose the benefit of such debates and exchanges, if documentation of the same is routinely disclosed before matters are adequately considered and conclusively resolved. Consequently, the document is eligible for full protection from disclosure |

1

Samir Hussain v. U.S. Department of
Homeland Security, et. al.
Civil Action No. 07-1633 PLF

VAUGHN INDEX of FOIA request APP2007000517
Hussain, Samir

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| | | | pursuant to FOIA exemption (b)(5). |
| 233-234 | Front and back of unexecuted Warrant of Deportation | Withheld in Full (b)(5) | These documents are duplicates of pages 231-232 |
| 235-236 | Front and back of unexecuted Warrant of Deportation | Withheld in Full (b)(5) | These documents are duplicates of pages 231-232 |
| 237-239 | Warning to Alien Ordered Removed or Deported (original and two duplicates) | Withheld in Full (b)(5) | Predecisional documents were withheld pursuant to FOIA exemption (b)(5) for the reasons cited with respect to Document 231, above. |
| 247-263 | Various legacy INS Forms | Released in Full on Appeal | These documents were originally withheld in part pursuant to FOIA exemption (b)(7)(C), but this assertion was later withdrawn on reconsideration. The document was released in full to Hussain in connection with his administrative FOIA appeal. |
| 266 | Memorandum from INS District Counsel to EOIR Judge | Released in Full on Appeal | This document was originally withheld in full pursuant to FOIA exemption (b)(5), but this assertion was later withdrawn on reconsideration. The document was released in full to Hussain in connection with his administrative FOIA appeal. |
| 267-268 | Notice to Appeal | Released in Full on Appeal | These documents were originally withheld in part pursuant to FOIA exemption (b)(7)(C), but the assertion was later changed on reconsideration. The document was released in full to Hussain in connection with his administrative FOIA appeal. |
| 269 | Internal Worksheet | Withheld in Part (b)(7)(C) | Exemption (b)(7)(C) provides protection for personal Information in law enforcement records the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The document in which the subject employees' signoffs were found was |

2

Samir Hussain v. U.S. Department of
Homeland Security, et. al.
Civil Action No. 07-1633 PLF

VAUGHN INDEX of FOIA request APP2007000517
Hussain, Samir

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| | | | part of a record compiled for law enforcement purposes. Public identification of these employees could conceivably subject them to harassment and annoyance in their private lives as well as in the performance of their official duties and, thereby, impair their ability to effectively carry out the responsibilities of their positions. Accordingly, identity information was deleted from this law enforcement document pursuant to FOIA exemption (b)(7)(C) to avoid an unwarranted invasion of their personal privacy. |
| 272-274 | Assessment to Refer | Withheld in Full (b)(5) and (b)(7)(C) | Predecisional documents were withheld pursuant to FOIA exemption (b)(5) for the reasons cited with respect to Document 231, above. Exemption (b)(7)(C) was applied to asylum officer names on page 272 only, for reasons cited with respect to Document 269, above. |
| 275 | Record of Interpreters Oath in Asylum Interview | Withheld in part (b)(7)(C) | Exemption (b)(7)(C) applied to asylum officer's name for reasons cited with respect to Document 269, above. |
| 277 | Front page of Form I-589, Asylum Application | Withheld in part (b)(7)(C) | Exemption (b)(7)(C) applied to asylum officer's initials for reasons cited with respect to Document 269, above. |
| 284 | Page 7 of Form I-589, Asylum Application | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(7)(C), but this assertion was later withdrawn on reconsideration. The document was released in full to Hussain in connection with his administrative FOIA appeal |
| 290 | Form I-229(b), Warning for Failure to Comply with Terms of Supervised Release | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(7)(C), but this assertion was later withdrawn on reconsideration. The document was released in full to Hussain in connection with his administrative FOIA appeal |
| 291 | Form I-220B, Order of Supervision | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(7)(C), but this assertion was later |

3

Samir Hussain v. U.S. Department of
Homeland Security, et. al.
Civil Action No. 07-1633 PLF

VAUGHN INDEX of FOIA request APP2007000517
Hussain, Samir

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
|  |  |  | withdrawn on reconsideration. The document was released in full to Hussain in connection with his administrative FOIA appeal |
| 292 | Continuation Form of I-220B, Order of Supervision | Released in Part on Appeal Exemption (b)(7)(C) | These documents were originally withheld in part pursuant to FOIA exemptions (b)(2), (b)(5) and (b)(7)(C), but the assertion was later changed on reconsideration. The document was later released in part to Hussain in connection with his administrative FOIA appeal. The only exemption now being asserted is (b)(7)(C), applied to the Officer's name and initials for reasons cited with respect to Document 269, above. |
| 295 | Computer Screen Prints | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(2), but this assertion was later withdrawn on reconsideration. The document was released in full to Hussain in connection with his administrative FOIA Appeal. |
| 296 | Computer Screen Prints | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemptions (b)(2) and (b)(7)(E), but this assertion was later withdrawn on reconsideration. The document was released in full to Hussain in connection with his administrative FOIA Appeal. |
| 297 | Computer Screen Prints | Released in Part on Appeal Exemption (b)(7)(C) | This document was originally withheld in part pursuant to FOIA exemptions (b)(2) and (b)(5), but the assertion was later changed on reconsideration. The exemption now being asserted is (b)(7)(C), applied to the Officer's name and telephone numbers for reasons cited with respect to Document 269, above. |
| 298 | Computer Screen Prints | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(2), but this assertion was later withdrawn on reconsideration. The document was released |

4

Samir Hussain v. U.S. Department of
Homeland Security, et. al.
Civil Action No. 07-1633 PLF

VAUGHN INDEX of FOIA request APP2007000517
Hussain, Samir

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| 383 | Computer Screen Prints | Released in Part on Appeal Exemption (b)(2) | in full to Hussain in connection with his administrative FOIA Appeal. This document was originally withheld in part pursuant to FOIA exemption (b)(2), but the assertion was later changed on reconsideration. The document is now being withheld in part with exemption (b)(2) only being applied to the Officer's UserID. Exemption (b)(2) provides protection for records that are related solely to the internal personnel rules and practices of an agency. The types of documents and/or information that we have withheld under this exemption may relate to internal matters of a relatively trivial nature, such as internal personnel rules and practices which could consist of employee identification codes, computer login codes, policies regarding the use of parking facilities and break rooms, employee leave policies and dress codes or internal matters of a more substantial nature, the disclosure of which would risk circumvention of a legal requirement, such as operating rules, guidelines and manuals of procedures for examiners or adjudicators. |
| 384 | Attorney Trial Worksheet | Withheld in Full (b)(5) | Predecisional documents were withheld pursuant to FOIA exemption (b)(5) for the reasons cited with respect to Document 231, immediately above. |
| 385 | Computer Screen Print | Released in Part on Appeal Exemption (b)(2) | This document was originally withheld in part pursuant to FOIA exemption (b)(2), but the assertion was later changed on reconsideration. The document is now being withheld in part with exemption (b)(2) only being applied to the Officer's UserID, for the reasons cited with respect to Document 383, above. |

5

Samir Hussain v. U.S. Department of
Homeland Security, et. al.
Civil Action No. 07-1633 PLF

VAUGHN INDEX of FOIA request APP2007000517
Hussain, Samir

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| 387 | Form I-290B, Order of Supervision | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(7)(C), but this assertion was later withdrawn on reconsideration. The document was released in full to Hussain in connection with his administrative FOIA appeal |
| 389 | Form I-229(b) | Released in Full on Appeal Exemption (b)(7)(C) | This document was originally withheld in part pursuant to FOIA exemption (b)(7)(C), but this assertion was later withdrawn on reconsideration. The document was released in full to Hussain in connection with his administrative FOIA appeal |
| 391 | Outprocessing Checklist | Released in Part on Appeal Exemptions (b)(2) and (b)(7)(C) | This document was originally withheld in full pursuant to FOIA exemptions (b)(5) and (b)(7)(C), but the assertion was later changed on reconsideration. The document is now being withheld in part with exemption (b)(7)(C) being applied to the Officer's name for the reasons cited with respect to Document 269, above and exemption (b)(2) being applied to a portion of the form for the reasons cited with respect to Document 383 |
| 392 | Internal Coversheet | Withheld in Full (b)(2) and (b)(7)(C) | This document was originally withheld in full pursuant to FOIA exemptions (b)(5) and (b)(7)(C).  The assertion for exemption (b)(5) was withdrawn on reconsideration.  This document is now being withheld in full pursuant to FOIA Exemptions (b)(2), for the reasons cited with respect to Document 383, above and (b)(7)(C), for the reasons cited with respect to Document 269, above. |
| 393 | Release Notification Letter | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(7)(C), but this assertion was later withdrawn on reconsideration. The document was released in full to Hussain in connection with his administrative FOIA appeal |
| 394 | Page 2 of Release Notification Letter | Released in Part on Appeal | This document was originally withheld in part pursuant to |

6

Samir Hussain v. U.S. Department of
Homeland Security, et. al.
Civil Action No. 07-1633 PLF

VAUGHN INDEX of FOIA request APP2007000517
Hussain, Samir

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| | | Exemption (b)(6) | FOIA exemptions (b)(6) and (b)(7)(C). The assertion for exemption (b)(7)(C) was withdrawn on reconsideration. This document is now being withheld in part pursuant to FOIA exemption (b)(6). Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, driver's license, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal. |
| 395 | Outprocessing Checklist | Released in Part on Appeal Exemptions (b)(2) and (b)(7)(C) | This document was originally withheld in full pursuant to FOIA exemptions (b)(5) and (b)(7)C but the assertion was later changed on reconsideration. This document is now being withheld in part with exemption (b)(7)(C) being applied to the Officer's name, for the reasons cited with respect to Document 269, above and exemption (b)(2) being applied to a portion of the form, for the reasons cited with respect to Document 383, above. |
| 396 | Post Order Custody Review Worksheet | Released in Part on Appeal Exemption (b)(7)(C) | This document was originally withheld in full pursuant to FOIA exemptions (b)(2), (b)(5) and (b)(7)(C), but the assertion was later changed on reconsideration. This document is now being withheld in part with exemption (b)(7)(C) being applied to the Officer's name, for the reasons cited with respect to Document 383, above. |
| 397-400 | Pages 2-5 of Post Order Custody Review Worksheet | Released in Full on Appeal | These documents were originally withheld in full pursuant to FOIA exemption (b)(5), but this assertion was withdrawn |

7

Samir Hussain v. U.S. Department of
Homeland Security, et. al.
Civil Action No. 07-1633 PLF

VAUGHN INDEX of FOIA request APP2007000517
Hussain, Samir

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| 401 | Page 6 of Post Order Custody Review Worksheet | Released in Part on Appeal Exemptions (b)(5) and (b)(7)(C) | on reconsideration. This document was originally withheld in full pursuant to FOIA exemptions (b)(5) and (b)(7)(C), but the assertion was later changed on reconsideration. This document is now being withheld in part, pursuant to exemptions (b)(5), for the reasons cited with respect to Document 231, above and (b)(7)(C), for the reasons cited with respect to Document 269, above |
| 402 | E-mail message between CIS Employee and ICE employee | Withheld in full (b)(2), (b)(7)(C) and (b)(7)(E) | This document was originally withheld in full pursuant to FOIA exemptions (b)(2), (b)(5), (b)(7)(C), but the assertion of (b)(5) was withdrawn on reconsideration. Exemption (b)(7)(E) was asserted in lieu of (b)(5). This document is now being withheld in part with exemption (b)(2) being applied to the office codes, for the reasons cited with respect to Document 383, above. Exemption (b)(7)(C) is being applied to the agent's names, for the reasons cited with respect to Document 269, above. Exemption (b)(7)(E) is being applied to a systems check result. Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonable be expected to risk circumvention of the law. The types of documents and/or information that we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents. |
| 403 | Notice to Alien of File Custody | Released in Full on Appeal | This document was originally withheld in part pursuant to |

8

Samir Hussain v. U.S. Department of
Homeland Security, et. al.
Civil Action No. 07-1633 PLF

VAUGHN INDEX of FOIA request APP2007000517
Hussain, Samir

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| | Review | | FOIA exemption (b)(7)(C), but the assertion was later withdrawn on reconsideration. |
| 404 | Computer Screen Print | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(2), but the assertion was later withdrawn on reconsideration. |
| 405 | DACS Computer Screen Print | Released in Part on Appeal Exemption (b)(7)(C) | This document was originally withheld in part pursuant to FOIA exemptions (b)(2) and (b)(5), but the assertion was later changed on reconsideration. The exemption now being asserted is (b)(7)(C), applied to the Officer's name and telephone numbers for reasons cited with respect to Document 269, above. |
| 406 | DACS Computer Screen Print | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(2), but the assertion was later withdrawn on reconsideration. |
| 407 | E-mail between ICE Employees | Released in Part on Appeal Exemption (b)(2) and (b)(7)(C) | This document was originally withheld in full pursuant to FOIA exemption (b)(2) and (b)(7)(C), but the assertion was later changed on reconsideration. Page is now withheld in part pursuant to these exemptions for the reasons cited in Documents 383 and 269, respectively. |
| 408 | Notice to Alien of File Custody Review | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(7)(C), but the assertion was later withdrawn on reconsideration. |
| 409 | Letter between ICE Agents | Released in Part on Appeal Exemption (b)(5) and (b)(7)(C) | This document was originally withheld in full pursuant to FOIA exemptions (b)(5) and (b)(7)(C), but the assertion was later changed on reconsideration. Page is now withheld in part pursuant to these exemptions, for the reasons cited in Documents 231 and 269, respectively. |
| 410 | DACS Computer Screen Print | Released in Part on Appeal Exemption (b)(7)(C) | This document was originally withheld in part pursuant to FOIA exemptions (b)(2) and (b)(5), but the assertion was later changed on reconsideration. The exemption now being asserted is (b)(7)(C), applied to the Officer's name |

Samir Hussain v. U.S. Department of
Homeland Security, et. al.
Civil Action No. 07-1633 PLF

VAUGHN INDEX of FOIA request APP2007000517
Hussain, Samir

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| 411 | DACS Computer Screen Print | Released in Full on Appeal | and telephone numbers for reasons cited with respect to Document 269, above. This document was originally withheld in part pursuant to FOIA exemption (b)(2), but the assertion was later withdrawn on reconsideration. |
| 412 | DACS Computer Screen Print | Released in Part on Appeal Exemption (b)(7)(C) | This document was originally withheld in part pursuant to FOIA exemptions (b)(2) and (b)(5), but the assertion was later changed on reconsideration. The exemption now being asserted is (b)(7)(C), applied to the Officer's name and telephone numbers for reasons cited with respect to Document 269, above. |
| 413 | Copy of FedEx Airbill | Released in Part on Appeal Exemption (b)(2) and (b)(7)(C) | This document was originally withheld in part pursuant to FOIA exemptions (b)(2) and (b)(7)(C), but this assertion was later withdrawn on reconsideration.  Page is now withheld in part pursuant to these exemptions for the reasons cited in Documents 269 and 383, respectively. |
| 414 | Letter between ICE Agents | Released in Part on Appeal Exemption (b)(2), (b)(5) and (b)(7)(C) | This document was originally withheld in full pursuant to FOIA exemptions (b)(2) and (b)(7)(C), but the assertion was later changed on reconsideration.  Page is now withheld in part pursuant to these exemptions, for the reasons cited in Documents 383,  231 and 269, respectively... |
| 415 | Memo from FBI regarding fingerprints | Released in Part on Appeal Exemptions (b)(2), (b)(5) and (b)(7)(C) | This document was originally withheld in full pursuant to FOIA exemptions (b)(2), (b)(5) and (b)(7)(C), but the assertion was later changed on reconsideration.  Page is now withheld in part pursuant to these exemptions, for the reasons cited in Documents 383, 231 and 269, respectively... |
| 416 | Duplicate of Page 415 | Released in Part on Appeal Exemptions (b)(2), (b)(5) and (b)(7)(C) | See Document 415, above. |
| 417 | Fax Cover Sheet between FBI and | Released in Part on Appeal | This document was originally withheld in full pursuant to |

10

Samir Hussain v. U.S. Department of
Homeland Security, et. al.
Civil Action No. 07-1633 PLF

VAUGHN INDEX of FOIA request APP2007000517
Hussain, Samir

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
|  | ICE | Exemptions (b)(2), (b)(5) and (b)(7)(C) | FOIA exemptions (b)(2), (b)(5) and (b)(7)(C), but the assertion was later changed on reconsideration. Page is now withheld in part pursuant to these exemptions for the reasons cited in Documents 383, 231 and 269, respectively... |
| 418 | 10 Print Fingerprint Card | Withheld in part Exemption (b)(7)(C) | This document is being withheld in part with exemption (b)(7)(C), applied to the Officer's name for reasons cited with respect to Document 269, above. |
| 419 | Back of 10 Print Fingerprint Card | Withheld in part Exemption (b)(2) | This document is being withheld in part with exemption (b)(2), applied to the Officer's ID code, for reasons cited with respect to Document 383, above. |
| 420 | 10 Print Fingerprint Card | Withheld in part Exemption (b)(7)(C) | This document is being withheld in part with exemption (b)(7)(C), applied to the Officer's name for reasons cited with respect to Document 269, above. |
| 422 | 10 Print Fingerprint Card | Withheld in part Exemption (b)(7)(C) | This document is being withheld in part with exemption (b)(7)(C), applied to the Officer's name for reasons cited with respect to Document 269, above. |
| 423 | 10 Print Fingerprint Card | Withheld in part Exemption (b)(7)(C) | This document is being withheld in part with exemption (b)(7)(C), applied to the Officer's name for reasons cited with respect to Document 269, above. |
| 428 | 10 Print Fingerprint Card | Withheld in part Exemption (b)(7)(C) | This document is being withheld in part with exemption (b)(7)(C), applied to the Officer's name for reasons cited with respect to Document 269, above. |
| 429 | NCIC/NLETS Computer Screen Printout | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(2), but the assertion was later withdrawn on reconsideration. |
| 430 | NCIC/NLETS Computer Screen Printout | Withheld in Full (b)(2) and (b)(6) | This document is being withheld in full pursuant to FOIA exemptions (b)(2) and (b)(6), for the reasons cited in Documents 383 and 394, respectively. This document does not relate to the subject of the file, but is that of a third party. |
| 431 | NCIC/NLETS Computer Screen | Released in Full on Appeal | This document was originally withheld in part pursuant to |

11

Samir Hussain v. U.S. Department of
Homeland Security, et. al.
Civil Action No. 07-1633 PLF

VAUGHN INDEX of FOIA request APP2007000517
Hussain, Samir

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| | Printout | | FOIA exemption (b)(2), but the assertion was later withdrawn on reconsideration. |
| 432 | NCIC/NLETS Computer Screen Printout | Withheld in Full (b)(2), (b)(6) and (b)(7)(C) | This document is being withheld in full pursuant to FOIA exemptions (b)(2), (b)(6) and (b)(7)(C), for the reasons cited in Documents 383 and 394, respectively. This document does not relate to the subject of the file, but is that of a third party. |
| 433 | NCIC/NLETS Computer Screen Printout | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(2), but the assertion was later withdrawn on reconsideration. |
| 434 | NCIC/NLETS Computer Screen Printout | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(2), but the assertion was later withdrawn on reconsideration. |
| 437 | Form I-213, Record of Deportable Alien | Withheld in Part Exemption (b)(7)(C) | This document is being withheld in part with exemption (b)(7)(C), applied to the Officer's name for reasons cited with respect to Document 269, above. |
| 438 | Continuation page of Form I-213, Record of Deportable Alien | Withheld in Part Exemptions (b)(7)(C) and (b)(7)(E) | This document is being withheld in part with exemption (b)(7)(C), applied to the Officer's name for reasons cited with respect to Document 269, above. This document is also being withheld in part with exemption (b)(7)(E)for the reasons cited with respect to Document 402, above |
| 439 | Memorandum from Assistant District Counsel to ICE Employee | Withheld in Full Exemptions (b)(5) and (b)(7)(C) | This document is being withheld in full pursuant to FOIA exemptions (b)(5) and (b)(7)(C), for the reasons cited in Documents 231 and 269, respectively. |
| 440 | Form I-213, Record of Deportable Alien | Withheld in Part Exemption (b)(7)(C) | This document is being withheld in part with exemption (b)(7)(C), applied to the Officer's name for reasons cited with respect to Document 269, above. |
| 441 | Continuation page of Form I-213, Record of Deportable Alien | Withheld in Part Exemptions (b)(7)(C) and (b)(7)(E) | This document is being withheld in part with exemption (b)(7)(C), applied to the Officer's name for reasons cited with respect to Document 269, above. This document is |

12

Samir Hussain v. U.S. Department of
Homeland Security, et. al.
Civil Action No. 07-1633 PLF

VAUGHN INDEX of FOIA request APP2007000517
Hussain, Samir

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| | | | also being withheld in part with exemption (b)(7)(E) for reasons cited with respect to Document 402, above. |
| 442 | Memorandum of Investigation | Withheld in Full Exemptions (b)(2), (b)(5) and (b)(7)(C) | This document is being withheld in full with FOIA exemptions (b)(2), (b)(5) and (b)(7)(C), for the reasons cited in Documents 383, 231 and 269, respectively. |
| 443 | Investigation Administrative Worksheet | Withheld in Full Exemptions (b)(5) and (b)(7)(C) | This document was originally withheld in full pursuant to FOIA exemptions (b)(2), (b)(5) and (b)(7)(C). Upon reconsideration, it was determined that exemption (b)(2) is no longer applicable. This document is now being withheld in full with FOIA exemptions, (b)(5) and (b)(7)(C), for the reasons cited in Documents 231 and 269, respectively. |
| 444-446 | Notice of Rights and Request for Disposition | Released in Full on Appeal | These documents were originally withheld in part pursuant to FOIA exemption (b)(7)(C), but the assertion was later withdrawn on reconsideration. |
| 447 and 500 | Back of I-94 Card | Withheld in Part Exemption (b)(7)(C) | These documents are being withheld in part with FOIA exemption (b)(7)(C), for the reasons cited in Document 269. |
| 516 | DACS Computer Screen Print | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(2), but the assertion was later withdrawn on reconsideration. |
| 517 | DACS Computer Screen Print | Released in Part on Appeal Exemption (b)(7)(C) | This document was originally withheld in part pursuant to FOIA exemptions (b)(2) and (b)(5), but the assertion was later changed on reconsideration. The exemption now being asserted is (b)(7)(C), applied to the Officer's name and telephone numbers for reasons cited with respect to Document 269, above. |
| 526 | Internal Worksheet | Withheld in Part (b)(7)(C) | This document is being withheld in part with exemption (b)(7)(C), applied to the Officer's name for reasons cited with respect to Document 269, above |
| 527 | Handwritten Note | Released in Full on Appeal | This document was originally withheld in full pursuant to |

13

Samir Hussain v. U.S. Department of
Homeland Security, et. al.
Civil Action No. 07-1633 PLF

VAUGHN INDEX of FOIA request APP2007000517
Hussain, Samir

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| | | | FOIA exemption (b)(5), but the assertion was later withdrawn on reconsideration. |
| 528, 530 | ICE Trial Attorney Worksheets | Withheld in Full Exemption (b)(5) | These documents are being withheld in full, pursuant to FOIA exemption (b)(5), for the reasons cited in Document 231, above. |
| 531 | E-mail Correspondence between ICE Attorneys and Employees | Withheld in Full Exemption (b)(5) | These documents are being withheld in full, pursuant to FOIA exemption (b)(5), for the reasons cited in Document 231, above. |
| 532 | Continuation Form for I-265 | Withheld in Part Exemption (b)(7)(C) | This document is being withheld in part with exemption (b)(7)(C), applied to the Officer's name for reasons cited with respect to Document 269, above |
| 533 | Form I-265, Notice to Appeal, Bond and Custody Processing Sheet | Released in Part on Appeal Exemption (b)(7)(C) | This document was originally withheld in part pursuant to FOIA exemption (b)(7)(C), but the assertion was later changed on reconsideration. The reviewing officials' name has now been released. Exemption (b)(7)(C) still applies to the Agent's name |
| 534 | Computer Screen Print from Non-Immigrant Information System | Released in Part on Appeal Exemption (b)(2) | This document was originally withheld in part pursuant to FOIA exemption (b)(2) but the assertion was later changed on reconsideration. The document is now being withheld in part with exemption (b)(2) being applied to the officer's ID portion of the screen print. Exemption (b)(2) is being applied for the reasons cited in Document 383, above. |
| 537 | Form I-203, Order to Detain or Release Alien | Released in Part on Appeal Exemptions (b)(2) and (b)(7)C | This document was originally withheld in full pursuant to FOIA exemptions (b)(5) and (b)(7)(C), but the assertion was later changed on reconsideration. The document is now being withheld in part with exemption (b)(2) being applied to a the case number portion of the form and exemption (b)(7)(C) being applied to the ICE employee's names, for the reasons cited in Documents 383 and 269, above, respectively. |
| 538 | CIS Computer Screen Print | Released in Full on Appeal | This document was originally withheld in part pursuant to |

14

Samir Hussain v. U.S. Department of
Homeland Security, et. al.
Civil Action No. 07-1633 PLF

VAUGHN INDEX of FOIA request APP2007000517
Hussain, Samir

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| 539 | CIS Computer Screen Print | Released in Part on Appeal Exemption (b)(2) | FOIA exemption (b)(2), but the assertion was later withdrawn on reconsideration. This document was originally withheld in part pursuant to FOIA exemption (b)(2), but that assertion was later withdrawn on reconsideration. This document is now being withheld in part (b)(2) being applied only to the operation and officer ID codes, for the reasons cited in Document 383, above.. |
| 540 | CIS Computer Screen Print | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(2), but the assertion was later withdrawn on reconsideration. |
| 541 | DACS Computer Screen Print | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(2), but the assertion was later withdrawn on reconsideration. |
| 542 | DACS Computer Screen Print | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(2), but the assertion was later withdrawn on reconsideration. |
| 543 | Case Status Computer Screen Print | Released in Part on Appeal Exemptions (b)(2) and (b)(7)(E) | This document was originally withheld in part pursuant to FOIA exemptions (b)(2) and (b)(7)(E) but the assertion was later changed on reconsideration. Exemption (b)(2) has now been removed from the computer codes in the upper left hand corner and the bottom of the page. These exemptions are applied for the reasons cited in Document 383 and 402, respectively, above. |
| 544 | Case Status Computer Screen Print | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(2), but the assertion was later withdrawn on reconsideration. |
| 545-550 | CLAIMS Computer Screen Print | Released in Part on Appeal Exemption (b)(2) | These documents were originally withheld in part pursuant to FOIA exemption (b)(2), but the assertion was later |

15

Samir Hussain v. U.S. Department of
Homeland Security, et. al.
Civil Action No. 07-1633 PLF

VAUGHN INDEX of FOIA request APP2007000517
Hussain, Samir

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| | | | changed on reconsideration. Exemption (b)(2) is now only being applied to the User ID Codes. Exemption (b)(2) is being applied for the reasons cited in Document 383, above. |
| 551 | Screen Print of NFTS | Released in Part on Appeal Exemptions (b)(2) and (b)(7)(C) | This document was originally withheld in part pursuant to FOIA exemptions (b)(2) and (b)(7)(C). Upon reconsideration, the responsible party portion of the screen print has been released. These exemptions are being applied for the reasons cited in Documents 383 and 269, above, respectively. |
| 552 | Fax Cover Sheet | Released in Part on Appeal Exemptions (b)(2) and (b)(7)(C) | This document was originally withheld in full pursuant to FOIA exemptions (b)(2) and (b)(7)(C), but the assertion was later withdrawn on reconsideration. Exemption (b)(2) in only being applied to the telephone numbers and e-mail addresses and exemption (b)(7)(C) is only being applied to the agent's names. These exemptions are being applied for the reasons cited in Documents 383 and 269, above, respectively. |
| 553-554 | Copy of Notice to Appeal | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(7)(C), but the assertion was later withdrawn on reconsideration. |
| 555 | Memorandum of Investigation | Withheld in full Exemptions (b)(2), (b)(5) and (b)(7)(C) | This document is being withheld in full, pursuant to FOIA exemptions (b)(2), (b)(5), and (b)(7)(C). These exemptions are being applied for the reasons cited in Documents 383, 231 and 269, above, respectively. |
| 556 | Investigation Administrative Worksheet | Withheld in Full Exemptions (b)(5) and (b)(7)(C) | This document is being withheld in full with FOIA exemptions (b)(5) and (b)(7)(C). These exemptions are being applied for the reasons cited in Documents 231 and 269, above, respectively. |
| 557 | Form I-213, Record of Deportable Alien | Withheld in Part Exemptions (b)(2) and | This document is being withheld in part with exemption (b)(2) being applied to the Officer ID code and exemption |

16

**Samir Hussain v. U.S. Department of**
**Homeland Security, et. al.**
**Civil Action No. 07-1633 PLF**

**VAUGHN INDEX of FOIA request APP2007000517**
**Hussain, Samir**

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| | | (b)(7)(C) | (b)(7)(C), applied to the Officer's name for reasons cited with respect to Documents, 383 and 269, above, respectively. |
| 558 | Computer System Screen Print | Withheld in Part Exemption (b)(7)(C) | This document is being withheld in part with exemption (b)(7)(C), applied to the Officer's name for reasons cited with respect to Document 269, above. |
| 560 | E-mail correspondence between ICE employees | Released in Part on Appeal Exemptions (b)(2) and (b)(7)(C) | This document was originally withheld in full pursuant to FOIA exemptions (b)(2), (b)(5) and (b)(7)(C), but the assertion was later withdrawn on reconsideration. Exemption (b)(5) no longer applies.  Exemption (b)(2) in only being applied to the telephone numbers and exemption (b)(7)(C) is only being applied to the agent's names. These exemptions are being applied for the reasons cited in Documents 383 and 269, above, respectively. |
| 563 | Form G-600A Investigation Preliminary Worksheet | Withheld in Full Exemptions (b)(2), (b)(5), (b)(7)(C) and (b)(7)(E) | This document was originally withheld in full pursuant to FOIA exemptions (b)(2), (b)(5) (b)(7)(C) and (b)(7)(E). These exemptions are being applied for the reasons cited in Documents 383, 231, 269 and 402, above, respectively. . |
| 565 | Computer Screen Print from NIIS | Released in Part on Appeal Exemption (b)(2) | This document was originally withheld in part pursuant to FOIA exemption (b)(2) but the assertion was later changed on reconsideration. The document is now being withheld in part with exemption (b)(2) being applied to the officer's ID portion of the screen print.  This exemption is being applied for the reasons cited in Document 383, above. |
| 566 | Form I-213, Record of Deportable Alien | Withheld in Part Exemptions (b)(2) and (b)(7)(C) | This document is being withheld in part with exemption (b)(2) being applied to the Officer ID code and exemption (b)(7)(C), applied to the Officer's name for reasons cited with respect to Documents 383 and 269, above, respectively. |
| 567 | Computer Screen Print from NIIS | Released in Part on Appeal Exemption (b)(7)(C) | This document was originally withheld in part pursuant to FOIA exemptions (b)(2) and (b)(7)(C), but the assertion |

17

Samir Hussain v. U.S. Department of
Homeland Security, et. al.
Civil Action No. 07-1633 PLF

VAUGHN INDEX of FOIA request APP2007000517
Hussain, Samir

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| | | | was later changed on reconsideration. The document is now being withheld in part with exemption (b)(7)(C) being applied to an officer's name. This exemption is being applied for the reasons cited in Document 269, above. |
| 568-569 | CIS Computer Screen Prints | Released in Full on Appeal | These documents were originally withheld in part pursuant to FOIA exemption (b)(2), but the assertion was later withdrawn on reconsideration. |
| 570-571 | CLAIMS Computer Screen Prints | Released in Part on Appeal Exemption (b)(2) | These documents were originally withheld in part pursuant to FOIA exemption (b)(2), but the assertion was later changed on reconsideration. Exemption (b)(2) is now only being applied to the User ID Codes. This exemption is being applied for the reasons cited in Document 383, above. |
| 579 | Form I-589 Processing Sheet | Withheld in Part Exemption (b)(7)(C) | This document is being withheld in part with exemption (b)(7)(C), applied to the Officer's name for reasons cited with respect to Document 269, above. |
| 580-581 | CIS Computer Screen Prints | Released in Full on Appeal | These documents were originally withheld in part pursuant to FOIA exemption (b)(2), but the assertion was later withdrawn on reconsideration. |
| 583 | DACS Computer Screen Print | Released in Full on Appeal | This document was originally withheld in part pursuant to FOIA exemption (b)(2), but the assertion was later withdrawn on reconsideration. |
| 584-585 | ICE Trial Attorney Worksheets | Withheld in Full Exemption (b)(5) | These documents are being withheld in full, pursuant to FOIA exemption (b)(5). This exemption is being applied for the reasons cited in Document 383, above. |
| 588 | Internal Worksheet | Withheld in Part (b)(7)(C) | This document is being withheld in part with exemption (b)(7)(C), applied to the Officer's name for reasons cited with respect to Document 269, above. |
| 590-595 | Handwritten Interview Notes | Withheld in Full Exemption (b)(5) and (b)(7)(C) | This document is being withheld in full pursuant to FOIA exemptions (b)(5) and (b)(7)(C). These exemptions are being applied for the reasons cited in Documents 231 and |

18

**Samir Hussain v. U.S. Department of Homeland Security, et. al.**
**Civil Action No. 07-1633 PLF**

**VAUGHN INDEX of FOIA request APP2007000517**
**Hussain, Samir**

| Document/ Page Number | Description of Document | Exemption(s) Cited | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| | | | 383, above, respectively. |

19

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SAMIR HUSSAIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 07-1633 (PLF)** |
| **v.** | ) | **(ECF)** |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **HOMELAND SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>ORDER</u>

Upon consideration of Defendant United States Department of Homeland Security's

Motion for Summary Judgment, supporting memorandum of points and authorities, statement of

material facts as to which there is no genuine issue, Plaintiff's response thereto, and the entire

record herein, it is hereby **ORDERED** that the motion is **GRANTED**.

It is further **ORDERED** that judgment shall be entered in favor of Defendant United

States Department of Homeland Security.

It is **SO ORDERED** this _____ day of _____, 2008.


_____
Paul L. Friedman
United States District Judge