UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SAMIR HUSSAIN,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-1633 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S MOTION FOR LEAVE TO FILE A SURREPLY
### IN FURTHER OPPOSITION TO PLAINTIFF'S RULE 56(F) MOTION

Defendant United States Department of Homeland Security ("Defendant," "Agency," or "DHS"), by and through its attorneys, respectfully moves for leave to file a surreply in further opposition to Plaintiff's Rule 56(f) Motion to Stay Disposition of Defendant's Motion for Summary Judgment Pending Leave to Seek Discovery ("Motion").  Pursuant to Local Civil Rule 7(m), undersigned counsel conferred with Plaintiff's counsel and learned that Plaintiff opposes this Motion on the purported grounds that Plaintiff filed no new evidence and raised legal issues "directly responsive" to issues raised in Defendant's Opposition.  The grounds for this motion are set forth below, and set forth in greater detail in Defendant's proposed Surreply, submitted herewith ("Proposed Surreply").

In Plaintiff's Motion and his Memorandum of Points and authorities thereto ("Opening Brief" or "Pl. Memo."), Plaintiff set forth various unpersuasive arguments that resolution of Defendant's Motion for Summary Judgment should be stayed and Plaintiff be allowed discovery in this FOIA action.  In support Plaintiff asserted that Defendant's FOIA search was

unreasonable, that Defendant's affidavits were insufficient, and that Plaintiff otherwise complied with Rule 56(f).

Notably absent from his Opening Brief was any discussion (i) that DHS regulations required USCIS, the DHS component that received Plaintiff's FOIA request, to forward such request to other DHS components; (ii) that the D.C. Circuit decision in *Church of Scientology v. IRS*, 792 F.2d 146, 151 (D.C. Cir. 1986), required Defendant to explain the totality of USCIS file systems; and (iii) that Magistrate Judge Robinson's decision in *Bangoura v. U.S. Dep't of the Army*, Civ. A. No. 05-0311 (DAR), 2006 WL 3734164, at *2, *6 (D.D.C. Dec. 8, 2006), somehow supported Plaintiff's Motion. After Defendant filed its Opposition, Plaintiff raised each of these new topics in Reply, as well as, setting forth additional arguments concerning FIPS (defined in the attached Proposed Surreply).

Contrary, to Plaintiff's implications, these issues were not contained in his Opening Brief, and thus, Defendant now merely seeks leave of this Court to file a brief surreply to discuss these four issues.

WHEREFORE, based on the foregoing, Defendant respectfully requests leave to file the proposed surreply attached hereto. A proposed order is also attached hereto.

Dated: June 4, 2008
      Washington, DC

                                          Respectfully submitted,

                                          JEFFREY A. TAYLOR, D.C. BAR #498610
                                          United States Attorney

RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


          /s/
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

- 3 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SAMIR HUSSAIN, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 07-1633 (PLF) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | ) ) ) ) |
| Defendant. | ) ) ) |

**SURREPLY IN FURTHER OPPOSITION TO
PLAINTIFF'S RULE 56(F) MOTION**

Defendant the United States Department of Homeland Security ("DHS," "Defendant," or "Agency"), by and through its undersigned counsel, hereby submits this surreply in further opposition to Plaintiff's Rule 56(f) Motion to Stay Disposition of Defendant's Motion for Summary Judgment Pending Leave to Seek Discovery ("Motion").[1]

**PRELIMINARY STATEMENT**

In his reply, Plaintiff again fails to detail why discovery is necessary in this action, what information Plaintiff hopes to uncover in his proposed discovery, and specifically what discovery Plaintiff seeks. This is the basic showing a party must make in a Rule 56(f) motion. *See, e.g., Scott-Blanton v. Universal City Studios Prods. LLLP*, 246 F.R.D. 344, 346 (D.D.C. 2007) (Urbina, J.) ("a court . . . may permit discovery if the party opposing the [summary judgment] motion adequately explains, why, at that timepoint, it cannot present . . . facts needed to defeat

---

[1] Unless otherwise noted, defined terms used herein are intended to have the same meaning as those defined in Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion ("Opposition").

the motion.") (internal citations omitted). Instead, Plaintiff once again cites a host of unremarkable case law that suggests that discovery *might* be appropriate if the agency's "response raises *serious doubts* as to the completeness of the agency's search, where the agency response is *patently incomplete*" (Reply at 2) (emphasis added), or where indications of bad faith exist.[2] *See id.* at 3. Plaintiff then distorts the detailed Welsh Declarations in arguing that the Agency's affidavits are insufficient, and misconstrues applicable law in arguing that the USCIS's search was unreasonable.[3] In conclusion, without describing what discovery is needed to oppose Defendant's MSJ, Plaintiff cites to a previously uncited opinion, and brief filed by Plaintiff's counsel in another case, with wholly different facts from the present action.

For a number of reasons, Plaintiff's argument -- *i.e.*, that this action presents one of the rare exceptions to the well established rule that discovery in FOIA cases is inappropriate -- is simply meritless. Defendant directs the Court to its Opposition for a majority of these reasons. However, because Plaintiff raises anew certain unpersuasive arguments in his Reply, the Agency below describes why these new arguments are equally without merit.

*First*, contrary to Plaintiff's new assertions, 8 C.F.R. § 5.4(d) and (e) did not compel USCIS to forward Plaintiff's FOIA request to other DHS components for a new search and response. *Second*, Plaintiff's new citation to the decision in *Church of Scientology v. IRS*, 792 F.2d 146, 151 (D.C. Cir. 1986), and his new argument that the Welsh Declaration need to detail

---

[2] Although Plaintiff implied that the Agency acted in bad faith in his Opening Brief, he retracts that spurious assertion in his Reply (*see* Reply at 3), and instead continues to rely solely upon his unpersuasive arguments that the Welsh Declarations are insufficient, and that the Agency's search was unreasonable.

[3] As Defendant notes in its Opposition, Plaintiff's lengthy, but meritless, contention that USCIS's search was unreasonable belies any argument that discovery in this action is necessary. Clearly, if Plaintiff can formulate such a lengthy argument, he can attempt to oppose Defendant's MSJ.

the complete structure of USCIS's file system, is inapposite.  *Third*, Plaintiff's new argument regarding FIPS, misrepresents the Welsh Declarations and FIPS system.  *Lastly*, Judge Robinson's decision in *Bangoura v. U.S. Dep't of the* Army, Civ. A. No. 05-0311 (DAR), 2006 WL 3734164, at *2, *6 (D.D.C. Dec. 8, 2006), is clearly distinguishable from the facts in this case.

### ARGUMENT

I. **PLAINTIFF'S NEWLY-CITED DHS REGULATIONS DID NOT REQUIRE USCIS TO FORWARD PLAINTIFF'S FOIA REQUEST TO OTHER DHS COMPONENTS.**

As noted in Defendant's Opposition, the clear language of the applicable DHS regulations put Plaintiff on notice that FOIA requests directed to one DHS component (in this case USCIS), would not be forwarded to other DHS components for their own independent review, search and response.  *See* 6 C.F.R. § 5.4(a) ("[i]n determining which records are responsive to a [FOIA] request, a component ordinarily will include *only records in its possession* as of the date the component begins its search for them.") (emphasis added).  In a desperate attempt to avoid this clear language, Plaintiff now argues for the first time that other regulations required USCIS to forward Plaintiff's requests.  *See* Reply at 7-11.  Plaintiff's arguments, however, rest upon misinterpretations of DHS regulations.

8 C.F.R. § 5.4(d) did not require USCIS to forward Plaintiff's request to ICE or CBP for independent searches and releases of records in their possession.  Subparts (c), (d) and (e) of 8 C.F.R. § 5.4 describe circumstances in which a receiving DHS component will seek the help of other components or agencies in responding to a FOIA request for records within its possession.  *See* 8 C.F.R. §§ 5.4(a)-(e).  Specifically, these subparts require a receiving component to seek the

help of (*e.g.*, consult with, refer responsibility for responding to) another component or agency when a requested record in the receiving component's possession contains certain information of interest to another component or agency. *See id.* Subpart (d) addresses circumstances in which a record in the possession of a receiving component contains information regarding a law enforcement investigation originated by another component or agency:

> Law enforcement information. Whenever a request is made for a record containing information that relates to an investigation of a possible violation of law and was originated by another component or agency, the receiving component shall either refer the responsibility for responding to the request regarding that information to that other component or agency or consult with that other component or agency.

8 C.F.R. § 5.4(d). Contrary to Plaintiff's assertions, nothing in subpart (d) requires a receiving component to forward a FOIA request it receives to another component or agency for independent searches of such other entity's records. *See id.* Indeed, nothing in subpart (d) refutes the general rule expressed in subpart (a) that "a component ordinarily will include only records in its possession as of the date the component begins its search for them." *See id.* at (a).[4]

Similarly, subpart (e) did not require ICE and/or CBP to search their records. As with subpart (d), subpart (e) neither required USCIS to forward Plaintiff's FOIA request to ICE or CBP for independent searches, nor required ICE and CBP to conduct independent searches of their records for information responsive to Plaintiff's FOIA request. Subpart (e) merely

---

[4] Even if Plaintiff's misinterpretation were correct, Plaintiff did not request information regarding "an investigation of a possible violation of law" (8 C.F.R. § 5.4(d)), but merely records regarding his detention on July 24, 2003. *See* Compl. at Ex. A. Information regarding law enforcement investigations is quite clearly distinct from records regarding Plaintiff's detention, which Plaintiff himself describes as containing medical records, letters from congressmen, letters regarding an application for employment authorization, requests for travel documents, booking records, classification work sheets, personal property inventories, housing id cards, property receipts, and baggage checks. *See* Hussain Decl. at ¶¶ 26-27, Opening Brief at Ex. B.

commands a receiving component to seek the help of another component or agency if information in its possession contains classified or potentially classified information of such other component or agency and is requested under FOIA:

> Classified information. Whenever a request is made for a record containing information that has been classified, or may be appropriate for classification, by another component or agency under Executive Order 12958 or any other executive order concerning the classification of records, the receiving component shall refer the responsibility for responding to the request regarding that information to the component or agency that classified the information, or which should consider the information for classification, or which has the primary interest in it, as appropriate. Whenever a record contains information that has been derivatively classified by a component because it contains information classified by another component or agency, the component shall refer the responsibility for responding to the request regarding that information to the component or agency that classified the underlying information.

8 C.F.R. § 5.4(e).

Plaintiff fails to grasp the concepts in these subparts, and instead argues without support that a FOIA request to one DHS component requires all DHS components to search their records for responsive information.[5] Based upon the text of the regulations, this argument is without merit.[6]

---

[5] The "one request fits all" approach advocated by Plaintiff is further belied by publically available information provided by DHS. That is, although Plaintiff cites a number of DHS websites in its Opening Brief and Reply, Plaintiff evidently failed to check DHS's website, which specifically states that FOIA requests for "records on aliens or detainees" should be directed to ICE, and "records regarding Border Patrol operations, activities, and interaction" should be directed to CBP. *See* "Directing Requests to Proper Components: Top 5 FOIA Requests," attached hereto at Ex. A (http://www.dhs.gov/xfoia/editorial_0847.shtm, last viewed 06/02/2008). Plaintiff instead directed his request to USCIS, evidently expecting it to be a clearinghouse for all DHS records despite the unambiguous DHS policy reflected in 6 C.F.R. § 5.4(a) and the instructions on DHS's website, which FOIA mandates compliance with for information requests. *See* 5 U.S.C. § 522 (a)(3)(A)(ii) (a request must be "made in accordance with published rules . . . and procedures to be followed").

[6] When an agency wishes to undertake the burden of forwarding FOIA requests to all of its components for independent FOIA searches, it is clear that an agency knows how to craft appropriate regulations to accomplish this.

## II.     THE WELSH DECLARATIONS NEED NOT DESCRIBE THE TOTALITY OF USCIS'S INFORMATION SYSTEMS.

Plaintiff also for the first time argues in his Reply that Defendant is required to describe the totality of USCIS's information systems for the Welsh Declarations to be sufficient. In support, Plaintiff cites *Church of Scientology v. IRS*, 792 F.2d 146, 151 (D.C. Cir. 1986). Quite simply, Plaintiff's argument is not supported by the decision in *Church of Scientology* or by any other law. In *Church of Scientology*, in support of its claim that Plaintiff's request was not reasonably descriptive and that further searches of its files for responsive materials was unduly burdensome, the IRS merely provided an affidavit that asserted, without any description, "that it had examined the appropriate subject files." *Id.* at 151. The D.C. Circuit explained that the IRS's affidavit was insufficient because it failed to provide "facts which [would] enable the District Court to satisfy itself that all appropriate files [had] been search[ed], *i.e.*, that further searches would be unduly burdensome." *Id.* The situation in this action is far different than that presented in *Church of Scientology*.

Here, unlike in *Church of Scientology*, USCIS is not claiming that additional searches would be unduly burdensome; but rather, that such further searches would be fruitless as none of its other information systems are likely to contain responsive information. *See* Opp. at 12. Moreover, here, unlike in *Church of Scientology*, USCIS has explained in great detail why it believed that any requested records in USCIS's possession would be found, if at all, in the A-File Database. *See* Welsh Decl. at ¶ 5 ; Supp. Welsh Decl. at ¶¶ 9-11, Opp. at Ex. A. Additionally,

---

Indeed, a comparison of the Department of Interior's FOIA regulations discussed in *Wilderness Soc. v. U.S. Dep't of Interior*, 344 F. Supp. 2d 1, 20-21 (D.D.C. 2004) (Walton, J.) (which require forwarding of FOIA requests to other components for independent searches) to DHS's (which do not), further illuminates that Plaintiff misinterprets DHS's FOIA regulations.

the Supplemental Welsh Declaration refers to a host of publically available information concerning USCIS information systems, including which systems it maintains, and detailed system notices that explain in great detail for each system its purpose, the types of information it houses, and how such systems are accessed. *See* Supp. Welsh Decl. at ¶¶ 16.b., 16.e., Opp. at Ex. A. Indeed, the Supplemental Welsh Declaration specifically refers to two web-pages that list USCIS information systems and descriptions for all such systems. *See id.* Accordingly, Plaintiff's new reliance upon *Church of Scientology* is misplaced, as it is disguisable from this case; and Plaintiff's argument that he lacks information on USCIS's information systems is refuted by the record.

### III.   PLAINTIFF MISCONSTRUES FIPS.

Plaintiff also for the first time in his Reply questions USCIS's use of the management system known as FIPS. Plaintiff argues that USCIS's use of FIPS to manage Plaintiff's request overlooked sensitive or high-profile records maintained offline at USCIS headquarters. Plaintiff simply misconstrues the nature of FIPS. *See* Reply at 5-6.

FIPS is a management system that USCIS uses to manage the more than 100,000 FOIA requests it receives on an annual basis. That is, FIPS is a centralized system that contains scans of USCIS FOIA requests, and administrative information regarding the request, its status and other pertinent information. *See* USCIS FOIA Handbook at 2, 4, 9, 16, Attached Ex. B (referred to in Supp. Welsh Decl. at ¶ 7, is attached hereto for the Court's convenience). FIPS itself does not contain any substantive information -- *i.e.*, information sought by a request. *See id.* When a request seeks information containing classified national security information, it is not managed

through FIPS, but is rather processed off-line due to sensitive nature of the information requested. *See id.* at 9.

Because Plaintiff's request was reasonably understood by USCIS to be seeking information in USCIS's possession that would, if at all, be contained in or located through the A-File Database (not a classified source), Plaintiff's FOIA request was scanned into and managed using FIPS. *See* Supp. Welsh Decl. at ¶¶ 7, 9-11, Opp. at Ex. A.[7] Indeed, Plaintiff's A-File was found using the unclassified A-File Database system and was retrieved from the NRC. *See id.* at ¶¶ 13-14. Because USCIS was successful in finding the record it reasonably believed contained the universe of responsive information within its possession, it had no need to pursue classified information sources. Accordingly, Plaintiff's arguments regarding USCIS's use of FIPS to manage Plaintiff's FOIA request, are simply inapposite.

### IV.   *BANGOURA* IS DISTINGUISHABLE.

Lastly, Plaintiff for the first time in his Reply cites to Magistrate Judge Robinson's decision in *Bangoura v. U.S. Dep't of the Army*, Civ. A. No. 05-0311, 2006 WL 3734164, at *2, *6 (D.D.C. Dec. 8, 2006),[8] in arguing that Plaintiff's explanation of the discovery he seeks is sufficient. *See* Reply at 11-12. *Bangoura*, however, is plainly distinguishable on the facts from this case. Unlike here, in *Bangoura*, the affidavits of the responding agency component -- the United States Army Crime Records Center ("USACRC") -- did not "explain why more

---

[7] Further, contrary to Plaintiff's assertions in his Motion (Pl. Memo at n.10), Plaintiff's declaration does not state that he was told his arrest and detention were motivated by national security concerns or that he subsequently became a national security target. *See* Pl. Memo at Ex. B ("Pl's Decl.").

[8] Plaintiff also cites to Plaintiff's counsel's brief from *Bangoura* (the "Holland & Knight Brief"), in arguing that Plaintiff's explanation of the discovery he seeks is sufficient. *See* Reply at 11-12. However, the Holland & Knight Brief clearly lacks any precedential value, and thus, should be ignored.

documents were found after the Plaintiff was told twice there were no more documents to be found[,]" and did "not provide any rationale for the delay in finding the requested documents[.]" *See id.* at *6. In this action, these circumstances do not exist. Moreover, in this action USCIS has clearly and laboriously explained with citations to publically available information, what happened to Plaintiff's request upon receipt, what system USCIS searched, why USCIS searched that system, why USCIS believed the A-File Database would contain any responsive information, what terms were used in the search, and how the results of the search were processed and reviewed.

Lastly, Plaintiff attempts to distinguish the precedent cited in Defendant's Opposition, *Sullivan v. Catholic Univ. of Am.*, 387 F. Supp. 2d 11, 13 (D.D.C. 2005) (Robertson, J.), which plainly compel a Rule 56(f) movant to set forth specific facts he hopes to obtain in discovery, as not being a "FOIA case." Reply at 11. Plaintiff's distinction lacks substance. In non-FOIA cases, such as *Sullivan*, discovery is usually appropriate. Thus, it simply flies in the face of logic that in FOIA cases, where discovery is unusual and rare, a movant could present a lesser showing to compel discovery. Accordingly, Plaintiff's Rule 56(f) Motion is insufficient.

**CONCLUSION**

For the foregoing reasons, and those set forth in Defendant's Opposition, Plaintiff's Motion should be denied, and the Court should require that Plaintiff promptly file an opposition, if any, to Defendant's MSJ.

Dated: June 4, 2008
Washington, DC

                Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


    /s/
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIR HUSSAIN,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 07-1633 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

### **[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's motion for leave to file a surreply in further opposition to Plaintiff's Rule 56(f) motion, and for good cause shown, it is hereby:

ORDERED that Defendant's motion is GRANTED;

ORDERED that Defendant shall have leave to file a surreply in further opposition to Plaintiff's motion, and it is further

ORDERED that the proposed Surreply submitted with Defendant's motion is deemed filed upon entry of this Order.

_____          _____
Date                                          PAUL L. FRIEDMAN
                                                   United States District Judge

Copies to Counsel of Record Via ECF