UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMIR HUSSAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1633 (PLF) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HOMELAND SECURITY, | ) |
| | ) |
| Defendant. | ) |

**OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE
TO FILE A SURREPLY IN FURTHER OPPOSITION TO
PLAINTIFF'S RULE 56(f) MOTION**

Plaintiff Samir Hussain ("Plaintiff" or "Mr. Hussain"), by and through counsel, hereby submits this Opposition to Defendant United States Department of Homeland Security's ("Defendant") Motion for Leave to File a Surreply in Further Opposition to Plaintiff's Rule 56(f) Motion ("Motion"). As further explained below, Defendant's proposed Surreply ("Proposed Surreply") is not warranted since, contrary to Defendant's assertions, Plaintiff's Reply in Support of his Rule 56(f) Motion to Stay Disposition of Defendant's Motion for Summary Judgment Pending Leave to Seek Discovery ("Reply") was directly responsive to the legal issues that Defendant argued in its Memorandum of Points and Authorities in Opposition to Plaintiff's Rule 56(f) Motion ("Opposition to Discovery Motion"), raised no new issues warranting further defense briefing, and submitted no new evidence.

**I.      ARGUMENT**

In support of Defendant's request for leave to file a surreply, Defendant disingenuously characterizes arguments made in Mr. Hussain's Reply as "new topics." (Motion at 2.)

Specifically, Defendant cites four specific "topics" and baldly asserts that these points were not presented in Mr. Hussain's Rule 56(f) Motion seeking discovery; to the contrary, Defendant fails to note that each of these issues directly replied to matters raised by Defendant in its Opposition to Discovery Motion, as well as the Supplemental Declaration of Brian J. Welsh ("Supplemental Welsh Declaration") submitted with the Opposition to Discovery Motion.  Consequently, there is no justification for Defendant to ask the Court to reopen the briefing, and Mr. Hussain therefore respectfully requests that the Motion be denied.[1]  See Baloch v. Norton, 517 F. Supp. 2d 345, 348, n. 2 (D.D.C. 2007) (denying leave to file a surreply where party's reply directly responded to issues raised for the first time in the opposing party's opposition); Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (denying leave to file a surreply where the party failed to demonstrate that the reply presented any new matters).

1.  **Mr. Hussain's Citation To 6 C.F.R. §§ 5.4(d) and (e) Directly Responded To Defendant's Denial Of Any Obligation To Forward The FOIA Request To Other Agency Components.**

At pages 13-14 of the Opposition to Discovery Motion, Defendant argued that it had no duty to forward Mr. Hussain's FOIA request to any other agency components, specifically, ICE or CBP.  In support of its argument, Defendant stated: "FOIA itself requires requesters to make requests in accordance with published agency rules."  (Id. at 14, citing 5 U.S.C. § 552(a)(2); Church of Scientology v. I.R.S., 792 F.2d 146, 150 (D.C. Cir. 1986).)  Mr. Hussain's reference to 6 C.F.R. §§ 5.4(d) and (e) (Reply at 7-9) directly responded to these arguments by pointing out that the Defendant's FOIA regulations provide the following: (1) under § 5.4(d), if an agency component receives a request for records containing information relating "to an investigation of

---

[1] Defendant inappropriately refers the Court to the Proposed Surreply as setting forth material that purportedly further supports its Motion. (Motion at 1.)  Defendant thus blithely relies on the substance of a brief that the defense has not even received leave to file.  The Court should not permit the Defendant to improperly draw attention to the substance of the Surreply through this blatant, back-door fashion.

a possible violation of law [that] was originated by another component or agency, the receiving component shall either refer the responsibility for responding to the request regarding that information to that other component or agency or consult with that other component or agency[,]" and (2) under § 5.4(e), if an agency component receives a request for records containing information that has been classified, or may be appropriate for classification, by another component or agency under an executive order concerning the classification of records, "the receiving component shall refer the responsibility for responding to the request regarding that information to the component or agency that classified the information, or which should consider the information for classification, or which has the primary interest in it, as appropriate."

Thus, while Defendant represents that its responsibility for forwarding FOIA requests to other agency components is a "new topic" raised for the first time in the Reply, to the contrary, the defense itself raised the topic in its briefing. By flatly denying any such obligation in all circumstances, Defendant thus opened the door to the Reply argument. Now, caught red-handed in an erroneously overbroad representation to the Court, Defendant cannot credibly complain of unfair surprise.

  **2. Mr. Hussain's Citation To <u>Church of Scientology v. I.R.S.</u>, 792 F.2d 146, 151 (D.C. Cir. 1986), Directly Responded To The Supplemental Welsh Declaration And Defendant's Arguments Regarding The Adequacy Of Its Search.**

Ironically and confusingly, the defense asks for an opportunity to surreply to Mr. Hussain's citation to <u>Church of Scientology v. I.R.S.</u>, 792 F.2d 146, 151 (D.C. Cir. 1986), <u>aff'd</u>, 484 U.S. 9 (1987). Defendant itself cited this precedent in the Opposition to Discovery Motion. (<u>See</u> Opposition to Discovery Motion at 13, 14.) The defense therefore clearly does not need a new opportunity to brief that decision for the Court.

3

Additionally, in a belated effort to satisfy its burden regarding the adequacy of its search, Defendant submitted a second declaration from Brian J. Welsh, the Supplemental Welsh Declaration, with its Opposition to Discovery Motion.  (See Exhibit A to Opposition to Discovery Motion.)  Defendant relied on the Supplemental Welsh Declaration in asserting that it searched the system reasonably believed to contain the entire universe of responsive documents. (See Opposition to Discovery Motion at 10-12.)  In his Reply, Mr. Hussain demonstrated that the Supplemental Welsh Declaration (1) failed to reveal that additional systems, not previously mentioned in the original Welsh Declaration, were maintained by USCIS, and (2) failed to address Defendant's alternative FOIA processing methods and locations for classified records. (Reply at 4-6.)  Thus, Mr. Hussain's reference to Church of Scientology v. I.R.S. (Reply at 4), which holds that FOIA affidavits must recite "facts which enable the District Court to satisfy itself that all appropriate files have been searched, *i.e.*, that further searches would be unreasonably burdensome," was directly responsive to the newly submitted declaration and Defendant's arguments.

> 3. **Mr. Hussain's citation to Bangoura v. U.S. Dep't of the Army, No. 05-0311, 2006 WL 3734164 at \*2, \*6 (D.D.C. Dec. 8, 2006) Directly Responded To Defendant's Contention That The Discovery Request Was Improper.**

On page 17 of the Opposition to Motion for Discovery, Defendant argued that Mr. Hussain's Discovery Motion should be denied because it fails to satisfy the requirements of Rule 56(f) by insufficiently describing the discovery sought.  In direct reply, (Reply at 11-12), Mr. Hussain cited to Bangoura v. U.S. Dep't of the Army, No. 05-0311, 2006 WL 3734164 at \*2, \*6 (D.D.C. Dec. 8, 2006), in which another district court for the District of Columbia granted a

4

FOIA plaintiff the very same discovery that the Mr. Hussain seeks in this case.[2]  Again, contrary to Defendant's suggestion, the citation to Bangoura raised no "new topics" and rebutted an issue the defense itself raised in opposing discovery.

### 4.  Mr. Hussain's FIPS Arguments Also Were Raised In His Motion for Discovery And In Direct Response To Defendant's Opposition.

Defendant's Motion fails to explain which arguments regarding FIPS (USCIS's automated database for managing FOIA requests) it contends were not originally raised in Mr. Hussain's Discovery Motion. (Motion at 2.)  Instead, it simply refers the Court to the arguments presented in its Proposed Surreply. (Id.)  Yet, as previously stated (supra at 2, n. 1), the Court should not consider any arguments raised in the Proposed Surreply as grounds for deciding whether leave to submit that very document should be granted.

Nevertheless, as with the other matters raised in the Motion, Mr. Hussain's Reply discussed FIPS by way of direct response to the Defendant's arguments.  For instance, in the Reply at 5-6, Mr. Hussain pointed out that Defendant's Opposition to Discovery Motion failed to discuss the current USCIS policy to process requests for classified national security information off-line and not in FIPS -- an issue first raised by Mr. Hussain in his Memorandum of Points and Authorities in Support of the Discovery Motion at 8-9.  Mr. Hussain discussed this off-line processing system again, at pages 6-7 of the Reply, in direct response to the assertion set forth in the Supplemental Welsh Declaration that FIPS is used to process all USCIS FOIA requests. (Exhibit A to Opposition to Discovery Motion, ¶ 7.)  Thus, Mr. Hussain's references to the FIPS issue in no way raised a "new topic" in the Reply that would warrant another round of briefing by the defense, which has had ample opportunity to address that issue.

---

[2] Mr. Hussain did not contend in its Reply that the grounds warranting judgment in favor of the FOIA plaintiff in Bangoura are similar to those involved in the present case, but rather pointed out that the discovery requests are similar and, in that case, discovery was granted.

## II.     CONCLUSION

Mr. Hussain's Reply was directly responsive to the legal and factual issues that Defendant argued in its Opposition to Discovery Motion, raised no new issues warranting further defense briefing, and submitted no new evidence. Consequently, Plaintiff Samir Hussain respectfully requests that Defendant's Motion for Leave to File a Surreply in Further Opposition to Plaintiff's Rule 56(f) Motion be denied.

Dated: June 6, 2008                                    Respectfully Submitted,

/s/ Charles D. Tobin
Charles D. Tobin (Bar No. 455593)
Holland & Knight LLP
2099 Pennsylvania Ave. N.W.
Suite 100
Washington, D.C. 20006
(202) 955-3000 Phone
(202) 955-5564 Fax

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of June, 2008, a true and correct copy of the foregoing Opposition to Defendant's Motion for Leave To File A Surreply in Further Opposition to Plaintiff's Rule 56(f) Motion was served on counsel for Defendant by the Electronic Case Filing system and by U.S. mail, postage prepaid, addressed as follows:

      Jeffrey A. Taylor, Esq.
      Rudolph Contreras, Esq.
      Brian P. Hudak, Esq.
      Civil Division, E-4806
      555 4th Street, N.W.
      Washington, D.C. 20530
      (202) 514-7143
      (202) 514-8780 (fax)

      /s/ Charles D. Tobin
      Charles D. Tobin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SAMIR HUSSAIN,** | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Civil Action No. 07-1633 (PLF) |
| **UNITED STATES DEPARTMENT OF HOMELAND SECURITY,** | ) | |
| **Defendant.** | ) | |

### [PROPOSED] ORDER

Upon Consideration of Defendant's motion for leave to file a surreply in further opposition to Plaintiff's Rule 56(f) motion and Plaintiff's opposition thereto, it is hereby:

ORDERED that Defendant's Motion is DENIED.

_____    _____
Date                                      Paul L. Friedman
                                          United States District Judge

Copies to Counsel of Record Via ECF