UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SAMIR HUSSAIN,<br><br>       Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)    Civil Action No. 07-1633 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS
MOTION FOR LEAVE TO FILE A SURREPLY
IN FURTHER OPPOSITION TO PLAINTIFF'S RULE 56(F) MOTION**

Defendant, by and through its attorneys, respectfully submits this Reply in further support of its Motion for Leave ("Leave Motion") to File a Surreply In Further Opposition to Plaintiff's Rule 56(f) Motion. For the reasons stated herein, and those set forth in the Leave Motion and Proposed Surreply[1] the Court should grant Defendant's Leave Motion.

Perhaps recognizing the insufficiency of his Rule 56(f) Motion, Plaintiff engaged in ambush tactics in presenting new, yet meritless, arguments in Reply on such motion. Plaintiff now seeks to have this Court ignore the sound and well justified reasons why his new Reply arguments are unpersuasive and contrary to law, which Defendant sets forth in its Proposed Surreply. The Court should reject this attempt of Plaintiff to present a single-sided argument and quiet the compelling opposition thereto, by permitting the Proposed Surreply to be filed.

Without burdening the record with exhaustive argument on why Plaintiff's Opposition to Defendant's Leave Motion ("Leave Opposition") is meritless, Defendant simply notes that the

---

[1] Unless otherwise noted, defined terms used herein are intended to have the same meaning as those used in Defendant's Leave Motion and/or Proposed Surreply.

Leave Opposition largely obfuscates what Plaintiff presented in Reply.  Although Plaintiff may indeed believe that his unconvincing new Reply arguments are "directly responsive" to Defendant's Opposition, such affirmative arguments were nonetheless omitted from Plaintiff's Opening Brief.  For example, contrary to Plaintiff's assertions, Defendant did not have the opportunity until after Plaintiff's Reply to address Plaintiff's misguided contentions that certain DHS regulations required USCIS to be a clearinghouse for all DHS FOIA requests -- *i.e.*, that USCIS is required to forward all of the approximately 100,000 FOIA requests it receives each year to all other DHS components for independent searches and responses.  That argument, and the others compellingly refuted in Defendant's Proposed Surreply, were absent from Plaintiff's Motion and Opening Brief.

"The district court routinely grants such motions [for leave to file a surreply] when a party is unable to contest matters presented to the court for the first time in the last scheduled pleading."  *Fischer v. F.B.I.*, Civ. A. No. 07-2037, 2008 WL 2248711, at *1, n.2 (D.D.C. May 29, 2008) (Huvelle, J.), *quoting Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003); *see also Brown v. Samper*, 247 F.R.D. 188, 192, n.2 (D.D.C. Jan. 14, 2008) (Urbina, J.) ("Perhaps recognizing the insufficiency of her motion, the plaintiff introduces her legal arguments in her reply to the defendant's opposition to her motion. . . . Because the plaintiff's reply raises new arguments not contained in her original motion, the court grants the defendant's consent motion for leave to file a surreply."), *citing Ben-Kotel*.  Responsive or not to Defendant's Opposition, Defendant was unable to contest Plaintiff's new unpersuasive Reply arguments until now.[2]  Accordingly, this Court should exercise its discretion and grant Defendant leave to file the Proposed Surreply.[3]

---

[2]     Further, Plaintiff's aspersions regarding Defendant's reference to its Proposed Surreply in support of its Leave Motion are simply meritless.  Defendant referenced its Proposed Surreply (which further detailed Plaintiff's

Dated: June 12, 2008
       Washington, DC

                      Respectfully submitted,

                      JEFFREY A. TAYLOR, D.C. BAR #498610
                      United States Attorney

                      /s/
                      RUDOLPH CONTRERAS, D.C. BAR #434122
                      Assistant United States Attorney

                      /s/
                      BRIAN P. HUDAK
                      Assistant United States Attorney
                      555 4th Street, NW
                      Washington, DC 20530
                      (202) 514-7143

                      *Attorneys for Defendant*

---

new Reply arguments and explained their context), instead of filing a separate, repetitive supportive memorandum in an effort to reduce the paper before the Court. Clearly, Plaintiff does not grasp this consideration, as his Leave Opposition is three times the size of the Leave Motion and, in large part, merely repeats his new Reply arguments.

[3] One further note, Plaintiff's meretricious assertion that Defendant was "caught red-handed in an erroneously overbroad representation to the Court" concerning DHS's regulations, is refuted by the plain text of such regulations. That is, as explained in Defendant's Proposed Surreply, DHS regulations never require one DHS component to be a clearinghouse for FOIA requests -- *i.e.* to forward a FOIA request to another DHS component for independent searches and releases of records outside the custody of the receiving component.